### MACDONALD v. BACH et al.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

1. CONTRACT TO EXCHANGE PROPERTY—TITLE IN ANOTHER—TENDER OF DEED.

The fact that plaintiff, in a contract for exchange of lands, agreed to convey by full covenant deed, when the title was in his mother, was not ground for defendant's refusal to perform when, at the time for passing title, plaintiff tendered a covenant deed to the property, executed by his mother, and offered to join in such deed in order to be bound by the covenants.

2. SAME—ENCROACHMENT OF WALL.

Where a wall on property which plaintiff has contracted to exchange extends on the property of an adjoining property owner about three-quarters of an inch, and the latter has erected an independent wall on his property, the encroachment is not sufficient to justify defendant's refusal to perform the contract.

Appeal from special term, New York county.

Action by George A. Macdonald against Lewis Z. Bach and others to compel the specific performance of a contract to exchange lands. From a decree of specific performance entered by the special term of the supreme court (reported in 60 N. Y. Supp. 557), the defendants appeal. Affirmed.

Argued before HATCH, RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Thomas C. Ennever, for appellants.
Wm. H. Stockwell, for respondent.

PATTERSON, J. The defendants appeal from a judgment requiring specific performance of a contract for the exchange of lands, which contract was entered into by them with the plaintiff. They stipulated, in consideration of a conveyance of other land to be made by the plaintiff to them, to grant and convey to the plaintiff, at a valuation, for the purpose of the contract, of $16,000, property described in that

contract as follows, viz.: "The house and lot known as '242 East
121st Street,' being twenty-seven feet front and rear, and a hundred
feet eleven inches in depth, be the said several dimensions more or
less,"—subject to certain incumbrances by way of mortgage and assess-
ments. The contract also provided as follows: "On closing of con-
tract: Each of the parties to these presents hereby agrees to convey
the property above described as sold by that party, * * * and to
execute, acknowledge, and deliver to the other party, or to the assigns
of the other party, * * * a proper warranty deed, containing full
covenants, duly executed and acknowledged, to convey and assure to
the grantee an absolute fee of said premises." In addition to the
property to be conveyed by the plaintiff in performance of the contract,
he agreed to pay the sum of $1,000 on the exchange of conveyances,
which, according to the contract, was to take place at a day named
therein. The closing of the contract was postponed from time to
time, until finally, on the 30th of January, 1899, the parties attended
at the appointed place. The plaintiff tendered a deed (of the premises
to be conveyed by him), duly executed and acknowledged, by Janet C.
Macdonald, his mother, in whom the title to the premises was then
vested. It was a full covenant warranty deed, sufficient to pass a title
in fee simple to the premises named in the contract, and the plaintiff
also tendered the sum of $1,000. The defendants refused to perform
their part of the contract. The trial judge has found "that the refusal
of the defendants to perform said contract on their part was based up-
on the claim that the easterly wall of the building upon the land con-
tracted to be conveyed by the plaintiff encroached upon adjoining
land, and that said premises were in fact owned by said Janet C. Mac-
donald, and that they had no contract with her." It does not appear
that any other objections were taken to the title at the time of its re-
jection by the defendants.

The objection to the deed tendered is, in effect, that there was no
privity of contract betwen the defendants and Mrs. Macdonald, and
that a conveyance from her would not be performance of the plaintiff's
contract with them. It has been determined in this state that sub-
stantial performance of a contract for the sale of land may be made by
the vendor delivering to the vendee the deed of a third person convey-
ing the title, except in a case where the vendee is entitled to a
covenant of warranty of the vendor. In such case, he may require
that covenant, and is not bound to accept that of another. Bigler v.
Morgan, 77 N. Y. 312. It does not appear here that the defendants re-
jected the title upon the ground of the failure of the plaintiff to tender
a deed containing his personal covenant, but, if we may assume that
this specific objection is included in the general one that they had
entered into no contract with Mrs. Macdonald, then it is in evidence
(and the trial judge has found) that the plaintiff, at the time he ten-
dered the conveyance from his mother, "duly offered, by conveyance
in due form, to join in the covenants of said deed for the purpose of
becoming bound thereby." The defendants rejected the title not-
withstanding that offer, and thus prevented the plaintiff from comply-
ing with the requirement of his contract as to a personal covenant.

Concerning the encroachment: The evidence relating to it was

given by surveyors, whose testimony is so unsatisfactory that the trial judge might well have considered that there was no encroachment at all. The defendants allege that the easterly wall of the house standing upon the land to be conveyed to them was built two inches front and rear on property adjoining on the easterly side. It will be seen from the contract that no precise or exact measurements of the land to be conveyed are given. They are mentioned as "more or less." One of the surveyors testified that he had made a survey of the premises in 1890, and again in 1899, and there was no encroachment; another testified that there was one of an inch and a half in front and two inches in the rear; another, that there was an encroachment of one inch in front and rear; and another, that there was· an encroachment of five-eighths of an inch in front and one inch in the rear; another, that the encroachment was of three-eighths of an inch in front and one inch in the rear; and still another, that it was one inch in front and none in the rear. These slight differences in measurement are about the same as appear in almost every case brought to the notice of courts in this city where surveys are made starting from lines at the intersection of city streets. The average of the whole of these surveys would make a seeming encroachment of something like three-quarters of an inch. It is so slight that the court below was justified in discarding it, for the real question is as to the likelihood of there being any molestation of the owner of the house in the enjoyment of the wall while the building remains standing. It is not too much to say that no court would compel the owner of this wall to take it down, or, as the proofs in this case are made, allow to the owner of the adjoining land any damages for an encroachment; for here it is in evidence that the owner of the adjoining land on the easterly side built upon his premises in 1890, and constructed thereon an independent wall abutting upon the easterly wall of the house contracted to be conveyed to the defendants. The adjoining owner has practically located his own wall, and whether the provision of section 1499 of the Code of Civil Procedure, as amended in 1898, applies or not, the objection of the encroachment is insignificant, and furnishes no sufficient reason for a rejection of the title.

The judgment appealed from should be affirmed, with costs. All concur.