SNOW v. MONK et al.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. SPECIFIC PERFORMANCE—RETAINING ACTION TO AWARD OTHER RELIEF.
    Where the defect in the vendor's title exists at the time the contract to convey is made, and the vendee brings specific performance, the court, though refusing that relief, will retain the action and award damages; and this though the vendee knows of the existence of the defect when he brings the action.

2. SAME—WAIVER OF OBJECTIONS.
    Where the vendee sues for specific performance, knowing at the time of a defect in the vendor's title precluding that relief, but the vendor, instead of objecting that the vendee's remedy is at law, joins issue, and, in his answer, himself asks for specific performance and to recover the balance of the purchase price, he waives the objection, and the court will retain the action for the purpose of awarding damages.

3. SAME.
    The vendor cannot, after going to trial, defeat the jurisdiction of the court to award damages by withdrawing from the answer his prayer for affirmative relief.

4. VENDOR AND PURCHASER—MARKETABLE TITLE—ENCROACHMENT OF BUILDING
    ON ADJOINING LOT.
        Defendant agreed to sell a lot on which a building was in process
    of erection, one wall of which encroached about two inches on the ad-
    joining premises. *Held* to make the title unmarketable.

5. SAME—EXTENT OF INJURY TO ADJOINING LOT—MATERIALITY.
        The extent of the injury to the adjoining premises was immaterial.

6. SAME—CURE OF DEFECT BY LIMITATIONS.
        Code Civ. Proc. § 1499, provides that an action to recover real prop-
    erty shall not be maintained "where in any city the real property con-
    sists of a strip of land not exceeding six inches in width upon which
    there stands the exterior wall of a building erected partly upon said
    strip and partly upon the adjoining lot, and a building has been erected
    upon land of the plaintiff abutting on the said wall, unless said action
    be commenced within one year after the completion of the erection of
    such wall," etc. The wall of defendant's building encroached on ad-
    joining land about two inches, but had been standing less than ten
    months. *Held* not to preclude one to whom defendant had agreed to
    sell the land from recovering damages caused by defendant's inability
    to complete the contract; his title not having been rendered marketable
    by the statute.

7. SAME—REMAINDER INTERESTS.
        The statute would not commence to run, as against persons having
    remainder interests in the adjoining land, until the termination of the
    particular estate.

    Appeal from Special Term, New York county.

    Action by Charles H. Snow against George Monk and others.
Judgment for plaintiff, and defendants appeal.   Affirmed.

    Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and LAUGHLIN, JJ.

    Henry M. Flateau, for appellants.
    Edward V. Thornall, for respondent.

    HATCH, J.   This action was brought to compel the specific per-
formance of a contract for the exchange of real property, or, if for
any reason specific performance could not be had, that the plaintiff
be awarded judgment for the amount paid by him upon the con-
tract, and for certain expenses incurred therein in searching the
title.   It appeared upon the trial that the plaintiff and defendants
entered into a contract in writing whereby the defendants agreed
to convey to the plaintiff certain property owned by them, known
as No. 357 West Fifty-Fourth street, in the borough of Manhattan,
city of New York; being a lot 25 feet in width by 100 feet 5 inches
in depth, upon which lot there was in process of erection a five-
story brick tenement house, intended to cover the whole width of
the lot.   In exchange for this property the plaintiff agreed to con-
vey certain lots at Mamaroneck, and pay the defendants $4,500 in
addition thereto.   At the time of the execution and delivery of the
contract, the plaintiff paid $1,000 thereon.   He has expended in
addition thereto, in searching the title, $145.   Upon the examina-
tion of the defendants' title to the property contracted to be con-
veyed, it appeared that the wall of the building then in process of
erection upon the lot encroached upon the adjoining premises about
two inches.   When this fact came to the knowledge of the plaintiff,

and objection was made thereto, the defendants sought to procure from the owner of the premises upon which the wall encroached a release or agreement permitting the wall to remain. Such property, however, was held in trust during the lives of certain persons named in the will of the late owner, with remainder over to certain others, dependent upon a contingency. The executors of such will were not vested with any power of sale, and it was therefore found impossible for any one to give a valid release, or agreement that the encroaching wall should remain as erected. The plaintiff thereafter made a tender of performance of the contract on his part, and demanded performance upon the part of the defendants. Compliance not being made with these demands, the plaintiff brought this action. After a trial the court found the existence of the contract as averred in the complaint, and, further, that on the date agreed upon for the exchange of titles the defendants could not, nor at the close of the trial could they, convey to the plaintiff a good, marketable title to the premises, free and clear of incumbrances, saving such for which the contract specifically provided; and thereupon the court awarded judgment in favor of the plaintiff for the amount of the payment upon the contract, together with the costs and expenses which the plaintiff had incurred, adjudged said amounts to be a lien upon the property owned by the defendants, and directed a sale thereof to satisfy the same, in the event that the amount of the recovery was not otherwise paid or discharged. From this judgment the defendants appeal.

It is insisted by the appellants that the complaint does not set forth a cause of action calling for equitable relief, and that the motion to dismiss the same should have been granted by the trial court, or the case held to be an action at law, and sent to a jury for trial. The complaint sets up the facts which form the basis for the action, demands judgment that the defendants specifically perform the agreement and convey to the plaintiff said premises, or, if such relief may not be had, then that the plaintiff recover the sum which he paid upon the contract, together with the costs and expenses incurred in connection therewith. It is a general equitable rule that specific performance of a contract to convey real estate will not be granted where, in consequence of a defect in the title, the vendor is unable to perform his contract. The reason for this rule is that such a judgment would operate oppressively upon the vendor, while the court would be helpless to enforce any decree which it might make. Prior to the Code, it was held that where the defect in the title arose subsequent to the execution of the contract, and came into existence without the fault of the vendor, and the parties seeking to enforce specific performance of the contract knew of the defect at the time of the commencement of the action, specific performance would not be decreed, nor would the court retain the action for the purpose of awarding damages. Morss v. Elmendorf, 11 Paige, 277; Wiswall v. McGowan, Hoff. Ch. 125. These cases, however, held that if the defect in the title existed on the date when the contract was made, or if after its making the vendor placed it beyond his power to perform, while the court would not decree

specific performance, yet it would retain jurisdiction of the action for the purpose of an assessment of damages. Under such rule this action can be maintained, for it appears that the defect in this title existed on the date when the contract was made, and the court therefore acquired jurisdiction to entertain the action; and, while it would not award specific performance, it will retain jurisdiction for the purpose of awarding damages. These rules have been modified by the practice which has grown up since the adoption of the Code, and, as legal and equitable causes of action are now authorized to be joined, equitable relief may be denied; and the usual course would be to send the issue as to the breach of the contract and for the recovery of damages to a jury for trial. Haffey v. Lynch, 143 N. Y. 241, 38 N. E. 298. This, however, is not necessary where the defendant in the action entered into his contract at the time when the defect existed. The court will then entertain jurisdiction of the action, and retain the same for the purpose of awarding damages.

Aside from this question, however, it appears in the present case that the defendants joined issue upon the complaint without raising any such question. On the contrary, they asked in their answer for a specific performance of the contract, and that they be permitted to recover therein the balance of the purchase price from the plaintiff. The defendants therefore voluntarily submitted themselves to the equitable jurisdiction of the court, and under such circumstances the plaintiff will not be turned away empty handed, but the court will retain the same, and award such a judgment as the facts require. Baron v. Korn, 127 N. Y. 224, 27 N. E. 804. Nor can the defendants defeat such result by withdrawing from the answer the prayer for affirmative equitable relief after going to trial. It was then too late to raise the objection, or to deprive the court of the jurisdiction which it had obtained. Parties will not be permitted to trifle with the court in this manner. If the defendants desired to insist that the plaintiff had an adequate remedy at law, they should have averred such fact as a defense (Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541); otherwise the court will entertain jurisdiction of the subject-matter of the action (Ostrander v. Weber, 114 N. Y. 95, 21 N. E. 112). The court therefore properly entertained the action, and rendered the proper judgment, if it may be otherwise sustained.

It was established as a fact that there was an encroachment which substantially affected the marketable character of this property. The defendants recognized that such encroachment existed, and tried to remedy the defect, but failed in the attempt. The encroachment itself constituted a substantial objection, and renders the title unmarketable, within the authorities. Under such circumstances, the plaintiff was not bound to accept it. Moore v. Williams, 115 N. Y. 586, 22 N. E. 233, 5 L. R. A. 654, 12 Am. St. Rep. 844; Irving v. Campbell, 121 N. Y. 353, 24 N. E. 821.

The defendants rely upon MacDonald v. Bach, 51 App. Div. 549, 64 N. Y. Supp. 831, where this court held that an encroachment of three-quarters of an inch, under the circumstances of that case, did not constitute a defect in the title. That case is clearly distinguishable from the present. Therein the adjoining owner of the premises

had erected an independent wall which abutted on the encroaching wall under such circumstances as indicated a design upon his part practically to locate the boundary line between the two pieces of property. In the conveyance the property was described by metes and bounds, and the language added, "be the said several dimensions more or less." The proof in the case showed that the court would have been justified in finding that there was no encroachment at all. These considerations, in connection with the practical location of the line by the adjoining owner, were held to make a doubtful encroachment of three-quarters of an inch insufficient to constitute a defect. In the present case the court was justified in finding that the encroachment was substantial. It was recognized by the parties as existing. There has been no practical location of the line, and, while there is variance in the testimony of the surveyors, yet the fact of the encroachment exists, and is such as renders this title unmarketable. Stevenson v. Fox, 40 App. Div. 354, 57 N. Y. Supp. 1094, affirmed in 167 N. Y. 599, 60 N. E. 1121; Wilhelm v. Federgreen, 2 App. Div. 483, 38 N. Y. Supp. 8, affirmed on opinion below in 157 N. Y. 713, 53 N. E. 1133. The doctrine of these cases is to the effect that a purchaser is entitled to have the walls of the building upon the lot which he has purchased stand completely upon the land conveyed. This the defendants did not have. The evidence which was offered tending to show in what amount the adjoining premises were diminished in value by reason of the alleged encroachment was properly rejected. It was entirely irrelevant to any issue presented in the case. The encroachment being established, to what extent it diminished the adjoining property is of no consequence, where it appears that such encroachment renders the title unmarketable. Nor has the statute of limitations provided in section 1499 of the Code of Civil Procedure created a bar to the maintenance of this action. Less than 10 months have elapsed between the completion of the wall, the breach by the defendants of their contract, and the commencement of this action, so that the time has not run. In addition to this, the adjoining property is held in trust for an outstanding life, with remainder over to the children of testator's brothers and sisters. These remaindermen are not entitled to the possession, and at this time they have no right to enter, nor will they have until the termination of the life estate. Consequently, as to them, the statute has not begun to run, nor will it commence until their right of entry accrues. Jackson v. Mancius, 2 Wend. 357; Thompson v. Simpson, 128 N. Y. 270, 28 N. E. 627.

It follows from these views that the judgment should be affirmed, with costs.

O'BRIEN, McLAUGHLIN, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I concur upon the ground that the defendants submitted themselves to the equitable jurisdiction of the court.