[S. F. No. 3572.  In Bank.—October 11, 1906.]

## HUNT BROTHERS COMPANY et al., Appellants, v. SAN LORENZO WATER COMPANY, Respondent.

BREACH OF CONTRACT—MEASURE OF DAMAGES—PROBABLE RESULT CONTEMPLATED BY PARTIES.—The only damages recoverable for breach of contract are such as the parties may be reasonably supposed, in the light of all the facts known or which should have been known to them at the time of making the contract, to have considered as the probable result of a breach, or as likely to follow therefrom, in the ordinary course of things, and therefore to have, in effect, stipulated against.  Other damages are too remote and cannot be recovered.

ID.—BREACH OF CONTRACT FOR WATER SUPPLY—LOSS OF PREMISES BY FIRE, WHEN RECOVERABLE—DEFINITE CONTRACT.—It is only where a definite contract calls for the continuance of an instituted water service for the purpose of extinguishing fires, or calls for a service to be instituted at a definite time, under circumstances known to the parties, making it essential that particular protection from fire should then commence, that loss of the premises by fire may be recovered as having been reasonably supposed to have been within the contemplation of the parties.

ID.—INDEFINITE CONTRACT—REMOTE DAMAGES.—Under an alleged contract for a general water supply and for a fire-hydrant to be installed, in which no definite time appears to have been fixed for its commencement, and no special circumstances appear making it essential that the agreed service should be commenced at any particular time, or within a reasonable time, and the rate agreed upon was to begin only when the service was installed, damages resulting from the loss of the premises by fire before the installation of such service, are too remote to be considered as within the contemplation of the parties and cannot be recovered.

APPEAL from a judgment of the Superior Court of Alameda County. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Van Ness & Redman, for Appellants.

E. S. Pillsbury, Alfred Sutro, and Pillsbury, Madison & Sutro, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment given in favor of defendant, a demurrer to plaintiffs' amended complaint having been sustained, and plaintiffs having failed to amend.

The action was brought to recover $124,496.98, damages, resulting from the destruction of certain property, the injury to other property, and a loss of profits from an established business, all occasioned by fire, which occurred on April 12, 1901, which fire occurred without any fault on the part of plaintiffs. The corporation, Hunt Brothers Company, which will hereafter be called the plaintiff, was the owner of all said property. The numerous other plaintiffs were insurance companies which had, at the time of the fire, policies in force covering respectively various portions of said property, insuring plaintiff against loss by fire, and which had paid plaintiff upon said policies on account of said loss, amounts aggregating $91,221.42, and, having received assignments from plaintiff of its claim against defendant to the extent of the amount so paid by them, are here endeavoring to collect the amount paid by them from defendant.

The plaintiff was engaged in the business of fruit-canning, packing, manufacturing cans, storage of fruits, canned goods, etc. The property injured and destroyed consisted of certain buildings used and occupied in the conduct of said business, machinery and other implements used in such business, and the stock on hand, and seventy-four cottages occupied by employees of plaintiff. All this property was situated on certain premises occupied by plaintiff in Hayward, Alameda County, California. The allegations of the complaint upon which it is sought to hold defendant liable for the amount of this loss are substantially as follows: Defendant was a water

company, engaged in the business of supplying water to the inhabitants of Hayward by means of mains laid in the streets of the town, and pipes running therefrom to the premises of its customers. Some time between September, 1900, and March, 1901, plaintiff and defendant entered into an agreement, whereby defendant agreed to lay a six-inch main from one of its mains charged and supplied with water, to a point near one corner of plaintiff's premises, to connect said premises with this new main by a service-pipe, and to thereupon supply plaintiff by means thereof with one hundred thousand cubic feet of water annually, at the rate of twenty-five cents per one hundred cubic feet, and as much more as might be required at twenty cents per one hundred cubic feet, plaintiff agreeing to consume annually one hundred thousand cubic feet, and pay for it at the twenty-five-cent rate. Defendant further agreed that it would erect and install a fire-hydrant near said premises, to be used by plaintiff in case the premises should take fire, and connect the same with said main, and supply plaintiff by means thereof with water for the purpose of extinguishing any fire which might occur on said premises, in consideration of the payment by defendant to plaintiff of $2.75 a month, which defendant agreed to pay.

No time was specified for the commencement or completion of this work. Defendant laid the new main to a point near one corner of plaintiff's premises, as agreed, but failed to install the service-pipe or the fire-hydrant. On March 14, 1901, plaintiff remonstrated with defendant because of its failure to do these things, and defendant, on March 15, 1901, promised in writing that it would "immediately commence the work" of putting in the service-pipe to connect the premises with the main, and also that it would "immediately commence the work" of erecting and installing said fire-hydrant and connecting the same with the main. It failed to commence to do either of these things prior to the fire.

It is alleged that if defendant had commenced the work of connecting said premises with the main, and the work of erecting, installing, and connecting the fire-hydrant, as it had agreed to do, and had prosecuted said work to an end with ordinary diligence, said premises would have been so connected and said fire-hydrant installed and connected and ready for use in March, 1901, and that if said hydrant had been so installed

and connected at the time of the fire, said fire could and would have been extinguished by means of the water which would have thereby become available, before it had damaged the property to the extent of five thousand dollars; and that, therefore, the additional loss and damage were wholly due to defendant's neglect and failure to comply with the terms of its agreement.

We are satisfied that the damages alleged cannot be recovered as a consequence of the breach of contract alleged.

In so saying we do not dispute the proposition made by learned counsel for appellant, to the effect that a failure to furnish water under a contract requiring one to do so, may, under some circumstances, entitle the other party to the contract to recover as damages for such breach of contract the value of such of his property destroyed by fire as would have been saved by the water, had it been furnished in accordance with the contract. We have examined the cases cited from other states by counsel upon this proposition, and find that with practical unanimity they appear to support the conclusion that the circumstances may be such as to make the person who agreed to furnish water for the extinguishment of fires, liable for the failure to furnish it as agreed, in the value of such property destroyed by fire as would have been saved by the water, if it had been furnished. (*New Orleans etc. Co.* v. *Meridian Water Works,* 72 Fed. 227; *Knappman Whiting Co.* v. *Middlesex Water Co.,* 64 N. J. L. 240, [45 Atl. 692]; *Paducah Lumber Co.* v. *Paducah etc. Co.,* 89 Ky. 340, [25 Am. St. Rep. 536, 12 S. W. 554, 13 S. W. 249]; *Gorrell* v. *Water Supply Co.,* 124 N. C. 328, [70 Am. St. Rep. 598, 32 S. E. 720]; *Planters' Oil Mill* v. *Monroe Water Co.,* 52 La. Ann. 1243, [27 South. 684]; *Lenzen* v. *City of New Braunfels,* 13 Tex. Civ. App. 335, [35 S. W. 341]; *Atkinson* v. *Water Co.,* L. R. 6 Ex. 404. See, also, *Ukiah* v. *Ukiah etc. Co.,* 142 Cal. 173, 179, [100 Am. St. Rep. 107, 75 Pac. 773].)

The cases cited are, however, all cases where the contract had been executed to the extent of installing and commencing the contemplated service, and the respective parties to the contract were acting thereunder, the one purporting to supply water for the purpose designated by the contract, viz.: the extinguishment of fires, and receiving the agreed considera-

tion therefor, and the other paying for such service, and relying upon the continued observance of the contract by the water company as a protection against such fires as might occur on the premises.

As to such a situation it may well be said, as was in fact said in some of the cases cited, that in view of the fact that water may be supplied in such quantity and manner as to usually extinguish a fire before serious damage is done, when promptly and efficiently used, it may reasonably be supposed to have been within the contemplation of the parties that a loss by fire would be the probable result of a failure to comply with the contract at the time the fire occurred. It could only be upon such a theory that one party would pay for the continuance of the service for fire purposes, and the other receive the sums so paid. And it is solely by reason of the fact that in such cases damage by fire may reasonably be supposed to have been within the contemplation of the parties as a consequence of a breach of the contract to furnish water, that the liability for such damage may be held to attach, for it certainly cannot be held that any such liability would exist for the breach of a contract to simply furnish water for no particular designated purpose, or for designated purposes not including the extinguishment of fires, even although it might be that if there had been no breach the fire would have been extinguished in its incipiency by the water furnished, and such breach, therefore, would have been indirectly and remotely the cause of the loss. The law of damages does not concern itself with such remote causes.

As said in *Martin* v. *Deetz,* 102 Cal. 55, 68, [41 Am. St. Rep. 151, 38 Pac. 368, 372], "Remote results, produced by intermediate sequences of causes, are beyond the reach of any just and practicable rule of damages." Field in his work on Damages (sec. 10) says: "To trace remote effects of causes would often be a difficult, if not an infinite task. It would require an infinite mind. Each cause produces results that in turn, alone or by combination with other causes, produces other effects, and so *ad infinitum.* It is a subject too abstruse and complicated for the human mind. In the quaint language of Lord Bacon, 'It were infinite for the law to consider the cause of causes, and their impulsion one on another.'" No case cited goes to the extent of holding that one

may be liable for a breach of contract to furnish water, in the value of property destroyed by a fire, unless the case was such that damage of this kind might reasonably be supposed to have been within the contemplation of the parties to the contract *as a consequence of a breach thereof,* and in the case of *Beck* v. *Kittanning Co.* (Pa.) 11 Atl. 300, it was expressly declared that as the plaintiff, who had a contract for water for general use, had no contract with the defendant for a *supply of water for the extinguishment of fire,* he had no cause of action on his contract for damages resulting from destruction of his property by fire.

It is the well-settled general rule of damages for any breach of contract that the damages that can be recovered for a breach are only such as may reasonably be supposed to have been within the contemplation of the parties at the time of the making of the contract, as the probable result of a breach. Other damages are too remote. In this lies the distinction between damages for breach of contract and damages for tort, the rule as to tort being that the injured person may recover for all detriment proximately caused thereby, "whether it could have been anticipated or not." (Civ. Code, sec. 3333.) Such, as we understand it, is the rule declared by section 3300 of the Civil Code, as that section has always been construed by this court, and it is the rule enunciated in the leading case of *Hadley* v. *Baxendale,* 9 Exch. 341, which has been universally accepted and followed. (See *Mitchell* v. *Clarke,* 71 Cal. 165, [60 Am. Rep. 529, 11 Pac. 882].) As has often been suggested by writers upon this subject, the remote effects of slight causes are so beyond all possible conception of the parties to a contract, both in character and extent, that any other rule would practically preclude the making of contracts altogether, for no sane person could be expected to assume such uncertain and limitless liability. This rule does not mean that the parties should actually have contemplated the very consequence that occurred, but simply that the consequence for which compensation is sought, must be such as the parties may be reasonably supposed, *in the light of all the facts known, or which should have been known to them,* to have considered as likely to follow, in the ordinary course of things, from a breach, and, therefore, to have in effect stipulated against. The understanding and

intention of the parties in this regard must of course be ascertained .from the language of the contract, in the light of such facts.    (See Sutherland on Damages, sec. 45.)

Where a contract calls for the continuance of an instituted water service for the purpose of extinguishing fires, loss by fire as the consequence of a breach may, as already suggested, be reasonably supposed to have been within the contemplation of the parties.    This may also be true in the event of such a service contracted to be commenced at a certain definite time in the future, especially if the special circumstances are such as to make it essential that the particular protection from fire to be thereby afforded should commence at that time, and those circumstances were made known to the person or company contracting to furnish the service.    As to this, however, it is not necessary here to decide.    The contract here alleged was, in effect,—1. To lay and install certain pipes through which water for general use might be supplied, and to install one fire-hydrant, through which water for use in the event of fire might be supplied; and 2. Such pipes and fire-hydrant having been installed, thereupon to commence supplying water for those purposes, and to continue supplying it at certain prescribed rates.    No time whatever was prescribed for the completion of the work essential to the furnishing of such water, or for the commencement of the water service, except that it was to commence upon the installation of the necessary pipes and hydrant.    We attach no importance to the subsequent "promise" of March 15, 1901, on the part of defendant, that it would "immediately commence the work" essential to the installing of the service for the various purposes ·designated.    Giving this additional promise full force as a part of the contract between the parties, there was therein no undertaking on the part of defendant that the work so to be commenced would be completed and the water service instituted *at any certain definite time*.    There was no allegation whatever as to any special circumstances known to defendant, or, for that matter, to plaintiff, making it essential to the protection of the property from fire that the contemplated service should be commenced within any particular time.

The case presented, then, is one where the parties simply agreed upon the installation and commencement of a water service for various purposes, including one hydrant to be used

for the extinguishment of possible fires, upon the installation and commencement of which the plaintiff was to commence paying, at certain prescribed rates, for the water furnished, no definite time for the commencement of such service being fixed, and no special circumstance appearing, by reason of which it might be anticipated that it was essential to the protection of plaintiff's property from fire that the service should be commenced within any particular time, or, as plaintiff claims, within a reasonable time.

Under such circumstances, it appears very clear to us that damage by fire to plaintiff's property cannot reasonably be supposed to have been within the contemplation of the parties as possible to be caused *by a failure on the part of defendant to commence the water service agreed upon.* The plaintiff not having stipulated for the limited protection against fire to be furnished thereby, to commence at or within any particular time, and, under the terms of the contract, paying for such protection only from the time of the actual commencement thereof, could not, until the actual commencement of the service, be considered as relying on such protection, or on the commencement thereof at any particular time, in the slightest degree, and there was nothing to warrant even a supposition on the part of defendant that plaintiff did so rely. The utmost that can be reasonably contended to have been within the contemplation of the parties in this regard was, that when, at some future indefinite time, the hydrant had once been installed and the service actually commenced, water would *thenceforth* be available, by means of the hydrant, for the extinguishment of possible fires, and that any failure to then have it so available, in the event of fire, might cause damage to plaintiff's property. This was the full extent of the contract of the parties, and the parties could not be understood as stipulating for such protection prior to the actual commencement of the service. This being so, whatever might be the proper measure of damage for a breach of contract in failing to install the service within a reasonable time, loss of property by fire could not be an element thereof. Until the actual assumption of the duty of such protection, damage by fire could not be held to be within the contemplation of the parties as a possible consequence of a breach, and in no legal sense of the words could such damage be held to have been

caused *by the breach alleged,* although if it had not been for such breach water might have been available for the extinguishment of the fire.

The case is no different in principle from one where water is furnished by contract for other than fire purposes, and a fire occurs which could have been extinguished by such water if it had been available, but, owing to some failure of the person furnishing the water, no water is available, and the property is destroyed. As already stated, although in such a case the breach is, in one sense of the words, a cause of the loss, there could be no recovery, for the water company has not assumed the duty of protecting the other's property from fire, and loss by fire is not, therefore, damage possible within the contemplation of the parties to the contract. Here, although water was ultimately to be furnished for fire purposes, the defendant had not, under the terms of its contract, assumed the duty of so protecting plaintiff's property at the time of the fire.

We are of the opinion that the amended complaint did not show any damage for which recovery might be had, and that the demurrer was therefore properly sustained.

The judgment is affirmed

Shaw, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.