[Civ. No. 7271. First Appellate District, Division Two.—February 28, 1930.]

R. C. KLEPPER, Respondent, v. AMERICAN–LaFRANCE FIRE ENGINE COMPANY OF CALIFORNIA, Appellant.

250

Walter M. Campbell for Appellant.

Robert E. Austin and John N. Helmick for Respondent.

NOURSE, Acting P. J.—Plaintiff sued to recover damages for breach of an oral contract. The cause was tried before the court sitting without a jury and resulted in a judgment for the plaintiff for $9,459.48, with interest thereon from the twenty-fourth day of February, 1926. The defendant appeals upon typewritten transcripts.

The first attack upon the judgment is that the amended complaint fails to state a cause of action. The case pleaded by the plaintiff is a simple case of an oral contract wherein the principal agrees with a broker that the broker shall undertake to negotiate with a third party for the sale by the principal to such third party of personal property, the broker to receive his compensation directly from the third party out of the proceeds of the sale. Here the plaintiff, who was the broker, pleads the terms and conditions of the contract with the defendant, who was the principal, and founds his cause of action on defendant's failure to make delivery of the property to the third party in accordance with the terms of the contract which was executed between the defendant and such third party. The action is plainly an action for damages for breach of contract—damages made certain by the express terms of the contract. Such an action finds support in the well-settled rule of law that where a broker undertakes to receive his compensation from a third party his principal is under no obligation to see that the broker is paid for his services unless the principal renders it impossible for the broker to become entitled to payment by the other side by refusing to perform the contract negotiated. This obligation of the principal is stated in 4 Ruling Case Law, page 333: "When the employer violates his agreement in this respect and the broker sues for his commissions or their equivalent, he is permitted to recover not upon the theory that the contract holds the employer to their payment, but because the employer by violating the contract of employment has destroyed its obligatory force, and deprived the

broker of the fruits of performance on his part, for which reason the latter is entitled to such a recovery in damages as will restore what he has unlawfully been deprived of through the nonperformance of his principal."

Without reciting the allegations of the amended complaint in detail, it is sufficient to point to the averment that the defendant solicited plaintiff to procure orders for eight designated automobile trucks manufactured by the defendant and expressly agreed that if the plaintiff would induce Orndorff Brothers to order and take such trucks from the defendant at a price agreed upon the defendant would make a contract of sale thereof with Orndorff Brothers so as to require said Orndorff Brothers to pay to plaintiff all of the purchase price of said trucks over and above the sum of $4,223.87 for each of said trucks which defendant might be able to sell to Orndorff Brothers by or through the efforts of plaintiff; that this excess which was agreed to be the sum of $1554.92 would have been paid to the plaintiff out of the purchase price of each of said trucks but for the failure of defendant to carry out and complete its contract for the sale of said trucks to Orndorff Brothers. It was further alleged that two of said trucks were sold and delivered to Orndorff Brothers; that plaintiff received a stipulated commission on the sale of these two trucks amounting to $2,979.84; that defendant agreed with Orndorff Brothers to sell them ten of said trucks at a price of $5,778.79 each; that because of defendant's failure to make deliveries of the remaining eight trucks and to carry out its contract in that regard the plaintiff lost the right to receive from Orndorff Brothers his commissions on the sale of the remaining trucks amounting to $12,569.36. This sum is alleged to be the amount of plaintiff's damage caused by defendant's breach of its contract with the plaintiff. The amended complaint clearly states a cause of action within the rule above noted.

The argument is made that the trial court committed error in permitting parol evidence to prove that in the oral contract between plaintiff and defendant it was agreed by the latter that they would not ask acceptance of delivery of the trucks to Orndorff Brothers until the trucks were needed by Orndorff Brothers in connection with the construction of a dam, referred to in the evidence as the "Ross

Construction Company job." The argument is that inasmuch as the written contract between defendant and Orndorff Brothers called for delivery of the trucks "as soon as possible" any evidence tending to show that a definite time for delivery was fixed was inadmissible as an attempt to vary the terms of a written contract. The point is without merit. The evidence was offered solely for the purpose of proving the oral contract between plaintiff and defendant. The terms of the written contract executed between defendant and Orndorff Brothers were not affected in any sense by the contract between plaintiff and defendant or by any of the evidence in relation thereto.

It is argued that the evidence is insufficient to support the findings that there was a contract between plaintiff and defendant apart from the written contract between defendant and Orndorff Brothers; that Orndorff Brothers demanded delivery of the eight trucks covered by the order but received delivery of only two trucks and that defendant refused to deliver the remaining six trucks (the trial court found that but eight trucks were contracted for and not ten, as alleged in the complaint), and that defendant did not tender delivery of the trucks to Orndorff Brothers. We are at a loss to understand why the attack is made upon the judgment in this manner. Defendant prints in its brief portions of the testimony of the plaintiff and of D. P Orndorff which fully support the findings of the trial court. Other testimony in the record including that of defendant's officers and employees merely adds to the positive testimony of the witnesses noted so that there is not really so much as a conflict in the evidence before the trial court. The equities of the case are disclosed by defendant's admission that, on a later day, it delivered to Orndorff Brothers five of the six trucks contracted for at a slightly reduced price, thus depriving plaintiff of his commissions on the sale.

It is argued further that the trial court erred in its application of the rule as to the measure of damages, the point being that the case is controlled by section 3308 of the Civil Code, fixing the measure of damage for the breach of the seller's agreement to deliver personal property as the value to the *buyer* over the amount which would have been due to the seller under the contract. That this action is not based or controlled by this section of the

code is too plain for argument. The further contention is made that inasmuch as the plaintiff was a general broker in the sale of automobile trucks he might have gone into the open market and purchased other trucks which would have satisfied Orndorff Brothers and might have sold these trucks to Orndorff Brothers in lieu of those agreed to be delivered by defendant, and by obtaining a commission on the sale of such trucks he might have lessened the damage caused by defendant's breach of its contract with him. Plaintiff cites decisions arising under sections 3308 and 3354 of the Civil Code, and cases arising in tort following the general principle that where the injury complained of is comparatively small and might have been prevented by the expenditure of a comparatively small sum of money by the plaintiff the plaintiff may not recover because it is his duty to use all ordinary care to render the injury as slight as possible. It would serve no purpose to refer to the citations by name or to distinguish them from the case at hand. That they have no bearing upon the question raised here is apparent. The rule applicable here is found in *Hunt Bros. Co.* v. *San Lorenzo etc. Co.*, 150 Cal. 50, 56 [7 L. R. A. (N. S.) 913, 87 Pac. 1093, 1095], where it is said: "It is the well-settled general rule of damages for any breach of contract that the damages that can be recovered for a breach are only such as may reasonably be supposed to have been within the contemplation of the parties at the time of the making of the contract, as the probable result of a breach." Here the complaint alleged and the trial court found that the damages for the breach of the contract were determined and specified by the parties in the contract. In such a case the measure of damage for the breach is found in section 3300 of the Civil Code. It is that which "in the ordinary course of things, would be likely to result therefrom."

Finally it is argued that the trial court erred in awarding interest on the amount found due from February 24, 1926, the date of the breach. The evidence disclosed and the court found that if the defendant had delivered the remaining trucks to Orndorff Brothers on that date the commissions on the sales amounting to $9,459.48 would then have immediately become due to the plaintiff. There was never at any time any dispute between the parties as to the

amount of these commissions. Plaintiff was then entitled to recover damages certain upon that particular day. He is, therefore, entitled to recover interest thereon from that day in accordance with the express terms of section 3287 of the Civil Code.

Judgment affirmed.

Sturtevant, J., and Dooling, J., *pro tem.*, concurred.