[Civ. No. 7769. First Appellate District, Division Two.—August 21, 1931.]

HENRY H. TRAXLER, Respondent, v. PHIL. C. KATZ, Special Administrator in Place of MADELINE Mc-LERAN, as Administratrix, etc., Appellant.

William F. Humphrey, A. T. O'Connell, Humphrey, Doyle & MacMillan and Edward I. Fitzpatrick for Appellant.

Theodore M. Monell for Respondent.

STURTEVANT, J.—The plaintiff sued to recover broker's commissions alleged to be due and owing to him from the defendant's testator. The defendant asserts that there is no testimony to support the finding that the plaintiff performed the contract under which he claims relief. She also asserts that there was no agreement employing the plaintiff. And she further asserts that the purported agree-

ment was one of exchange and that there was found to be a material defect in the title to Ehrlick's property which was not removed and therefore no commission was earned. These several contentions we think may best be treated together.

On January 16, 1928, defendant's testator executed an instrument agreeing to exchange three several parcels of land together with $15,000 in cash- for a parcel on the west line of Mission Street which was entirely covered by buildings. The writing included, among others, these passages:

"Henry H. Traxler is hereby constituted my agent to negotiate this exchange and two days are allowed him to secure written acceptance hereof.

"15 days from the date of acceptance shall be allowed for search of titles and consummation, unless one or both titles are found to be defective. In the latter event the party or parties whose title is defective shall be allowed 60 days additional, after receipt by Henry H. Traxler of written notice of objections to title, within which to remedy defects.

"At the conclusion of 60 days, or before, if both titles are sooner made acceptable, this exchange shall be finally consummated in the office of Henry H. Traxler by each party delivering to the other all payments and instruments in writing required to comply with the terms specified and particularly to vest in each by grant, bargain and sale deed good merchantable title to all of the real property that is to go from one to the other under this agreement. . . . It is further agreed with the said agent that when he has secured an acceptance in writing of the above proposition that I will then pay to said agent at his office in San Francisco, the sum of one thousand and no/100 ($1,000.00) on demand for services rendered; and it is understood that said agent may also act as agent for the owner of the above secondly described property from whom he may also receive a commission. Time is of the essence hereof.

"(Signed) RALPH McLERAN.

"The foregoing is hereby accepted and performance by me is agreed to this 17th day of January, 1928, and I agree to pay Henry H. Traxler at his office in San Francisco, California, the sum of thirty-six hundred twenty-five

($3625.00) dollars as agreed for services rendered; and it is understood that Henry H. Traxler may also act as agent for the owner of the firstly herein described property from whom he may also receive a commission.

"Commission to be paid upon consummation as follows: $1725.00 in cash. Lot on 34th Ave. and 2 lots in Richmond City property.

"(Signed)   GUSTAV EHRLICK."

The paper was not signed by this plaintiff. After it had been signed by Ehrlick a survey was made and it transpired that the improvements on Ehrlick's property overlapped the sidewalk on the east line of the property and that they overlapped to the extent of three-quarters of an inch the property adjoining on the north side. The overlapping was never cut off nor the overlapping property purchased, but further proceedings between the exchanging parties were, by stipulation, indefinitely postponed. Mr. McLeran died on August 21, 1928. The plaintiff presented a claim against the estate of the decedent. That claim was as follows: "To services rendered in securing acceptance of exchange proposition as per agreement, $1,000.00. To commission earned for services performed as real estate agent as per agreement, $3625.00. Total $4625.00." The judgment as rendered was for the full sum covered in the claim, together with interest.

The contention that the evidence does not support the findings is based on the fact that no one was called as a witness to identify the signature of Ehrlick. Nevertheless, one copy of the contract, purporting to be signed by Ehrlick and his signature acknowledged before a notary public, was admitted in evidence. That evidence was sufficient to support the finding.

The contention that there was no agreement of employment of Traxler rests on the fact that he did not sign the written instrument. That fact is not determinative. McLeran and Ehrlick both signed and under the clear terms of the writing they were the ones "to be charged". The statute (Civ. Code, sec. 1624) was complied with (*Harper* v. *Goldschmidt*, 156 Cal. 245 [134 Am. St. Rep. 124, 28 L. R. A. (N. S.) 689, 104 Pac. 451]). This plaintiff was entitled to sue thereon before it was rescinded. (*Lundeen*

v. *Nowlin*, 20 Cal. App. 415 [129 Pac. 474]; *Stanton* v. *Carnahan*, 15 Cal. App. 527 [115 Pac. 339].) In so far as the defendant was concerned her testator became liable under the terms of the contract when the plaintiff had " . . . secured an acceptance in writing of the above proposition . . . " (*Darrow* v. *Houlihan*, 205 Cal. 771, 774 [272 Pac. 1049].)

The defendant next asserts that there was a defect in the title to the property of Gustav Ehrlick—there was an overlapping. True, but it was slight and the wall of the adjacent property is in place. The courts will treat the slight overlapping as *de minimus* (*Mertens* v. *Berendsen*, 213 Cal. 111 [1 Pac. (2d) 440]; 39 Cyc. 1506; *MacDonald* v. *Bach*, 51 App. Div. 549 [64 N. Y. Supp. 831, 832]).

As shown above, the plaintiff held the written authorization of Mr. McLeran empowering him to negotiate the exchange. If Mr. McLeran did not own the entire fee and if his wife later refused to join in executing a deed to Mr. Ehrlick, such facts did not constitute a defense. (4 Cal. Jur. 596, 597.) As the trade was not actually carried out the defendant asserts it was not "consummated" within the terms of the contract and Mr. Ehrlick never became liable and therefore she is not liable. Under the facts the point may not be sustained. (4 Cal. Jur. 599.)

So far we have confined our discussion of the damages to that portion of the compensation which Mr. McLeran undertook to pay if the parties had exchanged deeds. It remains for us to take up and discuss the claim of the plaintiff that he was also entitled to be compensated for the loss of the commissions which Mr. Ehrlick had agreed to pay. The latter has not performed, and could not perform, solely because Mr. McLeran refused to perform. The plaintiff pleaded and the court found the special circumstances under which the contract was actually made were communicated by the plaintiff to Mr. McLeran and to Mr. Ehrlick. Indeed, such facts appear as a part of the written contract signed by those two parties. Pointing to these facts the plaintiff then claims that he was entitled to ask damages in a sum equal to the amount Mr. McLeran promised to pay plus the amount Mr. Ehrlick promised to pay (*Hunt Bros. Co.* v. *San Lorenzo etc. Co.*, 150 Cal. 51, 56 [7 L. R. A.

(N. S.) 913, 87 Pac. 1093] ; *Klepper* v. *American-La France etc. Co.,* 104 Cal. App. 249, 254 [285 Pac. 1048] ). Those cases are in point except that they did not involve a sale or exchange of real estate. In this state no case involving a sale or exchange of real estate presents the exact question. However, the rule contended for has been followed and applied in such actions by the courts of other jurisdictions. One of the latest cases and probably the leading one on the subject is *Calkins* v. *Woolworth Co.,* 27 Fed. (2d) 314. On pages 318 and 319 of 27 Fed. (2d) are to be found the principal cases on the subject that have been decided in this country. An examination discloses that there is no substantial conflict. Where there was an apparent conflict it will be found that there was a difference in the facts. It follows that if this action had been brought against Mr. McLeran in his lifetime the amount of the damages should have been ascertained as claimed by the plaintiff. We do not understand the defendant to claim that any different rule should be followed in estimating the amount of the damages when, as here, the defendant is the executrix or administratrix.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 19, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 19, 1931.