[Civ. No. 9903.   First Appellate District, Division One.—October 30, 1936.]

M. HERMAN, Respondent, v. M. J. SAVAGE, Appellant.

Travers, Landels, Weigel & Crocker, George N. Crocker and Stanley A. Weigel for Appellant.

Julian D. Cohn, Leo B. Hone and Jewel Alexander for Respondent.

KNIGHT, J.—The defendant, M. J. Savage, appeals from an order granting a new trial after verdict and judgment in his favor in an action brought by plaintiff as assignee of Alberton Realty, Inc., to recover a real estate broker's commission claimed to be due for services rendered by the realty company in connection with a written agreement made between defendant and Mrs. Ray Schwartz for the exchange of certain real property situate in San Francisco, and which exchange defendant subsequently refused to consummate. The order granting the new trial was made upon the ground that the verdict was not supported by the evidence.

The exchange agreement was executed by defendant on September 29, 1932, and by Mrs. Schwartz on October 7, 1932, following several weeks negotiations between all parties interested. According to the testimony introduced on behalf of plaintiff the only reason given by defendant for his refusal to go through with the exchange was his fear of the outcome of the presidential election which was then close at hand. At the trial, however, he placed his refusal upon the grounds that Mrs. Schwartz had failed to perform certain prerequisite conditions specified in the agreement of exchange and that the tender of exchange made by her was defective and without readiness or ability to perform.

The first ground of refusal so urged is based upon the following facts: The property belonging to Mrs. Schwartz, which defendant agreed to accept in the exchange, was located on the corner of Bush and Franklin Streets. Erected thereon was a building consisting of one story and mezzanine, and the entire premises were under a fifteen-year lease to the Firestone Tire and Rubber Company of West Virginia. The term of the lease began in June, 1930, and was to expire in June, 1945. It called for a gradual increase of rentals ranging from $1100 to $1250 a month and gave the lessee an option to purchase the property. In connection with this lease the exchange agreement provided among other things as follows: The second party (Mrs. Schwartz) shall, as a condition precedent to the first party's obligations, furnish the following: "(1) The originals (or copies if the originals are not in the possession of or avail-

able to Second Party), of all correspondence between the Firestone Tire and Rubber Co. (both the Ohio and West Virginia corporations), or the Firestone Realty Co., or any agent of any of said companies, and Second Party, between the date of said lease and the present time, concerning the said lease of the said Franklin Street property, with a statement in writing signed by Second Party affirming and warranting that such originals and copies include the whole of the said correspondence. If it appears from the said correspondence that the Firestone Tire and Rubber Co. (both the Ohio and West Virginia corporations, or either of them), or the Firestone Realty Co., or any agent of any of said companies, have in any manner questioned the validity of the said lease, or in any manner repudiated the same, then First Party may, at his option, declare this agreement to be null and void and may refuse to perform the covenants hereof. . . . (4) Second party shall furnish proof satisfactory to First Party that Second Party has offered to sell the Franklin Street property to the Firestone Tire and Rubber Co., a West Virginia corporation, for a price not exceeding the approximate value at which the said property is being transferred under this agreement of exchange, and that said offer was made in accordance with the terms of the said lease with the said Firestone Tire and Rubber Co., and that the said Firestone Tire and Rubber Co. has, on a date not earlier than September 28th, 1932, rejected the said offer and refused to exercise its option under said lease to purchase the said property.''

There is ample evidence supporting the trial court's conclusion that Mrs. Schwartz complied with all of the foregoing conditions; also that the lessee had not in any manner questioned the validity of the lease or repudiated the same, and had expressly declined to exercise its option to buy the property. In a letter written on behalf of the lessee on May 16, 1932, and signed by W. B. Mullen of the Firestone Realty Co., and another dated May 25, 1932, and signed ''Firestone Realty Co., D. H. Efferth'', a demand was made for a substantial reduction in the rent on account of the depression; but neither letter can be fairly construed to mean that the lessee in any manner questioned the validity of or repudiated the lease. Furthermore, the evidence shows that these letters were in defendant's possession and the

contents thereof known to him long before he executed the exchange agreement.

Defendant contends that Mrs. Schwartz failed to furnish proof satisfactory to him that the lessee had rejected its right to exercise its option to buy the property. The contention is wholly without merit. Its previous rejection was expressly confirmed in a telegram sent in direct response to two telegrams prepared and sent to it by defendant's attorney on behalf of Mrs. Schwartz, to which her name was signed. The first telegram so sent was dated September 30, 1932, and not having received an answer thereto by October 5, 1932, defendant's attorney sent a second telegram in the identical words of the first one. Both telegrams read as follows: "Property southwest corner Bush and Franklin Streets, San Francisco, California, about to be exchanged for property representing investment value two hundred thousand dollars. Stop. Again offering you this property under your option page eight in lease with Ray Schwartz, dated December twentieth nineteen hundred twenty-nine. Stop. If you can meet this or pay one hundred seventy-five thousand dollars cash please wire me immediately to fifteen twenty Gough Street, San Francisco. Stop. You have heretofore rejected this but buyer desires confirmation. Delay may prejudice deal, so please wire me at once." To the second telegram was added: "Will you please favor me with immediate telegraphic reply." On the same day the following reply was received: "Ray Schwartz 1520 Gough St. Management not interested in purchase of your property per wire (signed) Firestone Efferth" Defendant claims that the reply telegram was ineffective because it was signed "Firestone Efferth" instead of "Firestone Tire and Rubber Co. of West Virginia"; but as above stated it was sent in reply to the two telegrams defendant's attorney himself had sent to the lessee; and moreover it is apparent that the name "Efferth" which was signed to the reply telegram was D. H. Efferth of the Firestone Realty Co., who sent and signed the letter of May 25, 1932, in behalf of the lessee demanding a reduction of rent, and which was one of the letters relied upon by defendant as indicating a repudiation of the lease. Furthermore, the evidence shows that at the time the telegram was received by defendant's attorney, no objection whatever was made by defendant or

his attorney to the form, substance or signature of the reply telegram. Therefore, as stated by the trial court, in the absence of any such objection the only inference to be drawn is that the reply was satisfactory.

Defendant claims also that Mrs. Schwartz did not furnish all of the correspondence which passed between her and the Firestone Company in that one telegram was withheld. It was dated June 1, 1932, and had been sent from Los Angeles to Mrs. Schwartz's son by R. J. Cope, a representative of the Firestone Company. But in this connection the evidence shows that Mrs. Schwartz's son delivered this telegram to defendant's attorney personally during the negotiations preceding the signing of the exchange agreement, and that said attorney retained the telegram in his possession and produced it at the trial from his own files.

■ With respect to defendant's point that Mrs. Schwartz tendered defective title, the evidence shows the following state of facts: Under the terms of the exchange agreement defendant agreed to convey to Mrs. Schwartz two separate pieces of property, one situate on Grant Avenue and the other on Pacific Avenue; and in addition he agreed to pay her $10,000 in cash. Mrs. Schwartz agreed to convey to defendant the Bush-Franklin Street property subject to two encumbrances, the first securing a loan for $63,426.85 held by West Coast Life Insurance Co., and the second securing a loan of $7,000 to be held by Wilton Securities Corporation. Furthermore, she agreed to give defendant a note for $7,000 secured by a deed of trust on the Pacific Avenue property which she was to receive from the defendant in the exchange, and that said deed of trust should be second only to a first deed of trust for a sum not exceeding $20,000. It was stated in the exchange agreement that this second deed of trust should "be given simultaneously with the consummation of this agreement". At the time the exchange agreement was executed the Bush-Franklin Street property carried a second loan of $37,000 and it was necessary, therefore, for Mrs. Schwartz to reduce it to $7,000. She made all of the necessary arrangements so to do by negotiating a loan on the Pacific Avenue property for $20,000, which sum she caused to be deposited with the California Pacific Title and Trust Company, which was selected by the parties to consummate the exchange. This

$20,000, together with the $10,000 which the defendant agreed to pay, was to be applied by the title company on the second encumbrance on the Bush-Franklin Street property so as to reduce it to the agreed amount of $7,000. Defendant, however, in the meantime repudiated the entire transaction. He refused to come forward with the $10,000 or to do anything else toward the consummation of the exchange, giving as his only reason therefor, so plaintiff's evidence shows, that he was fearful of the effect on business of the probable outcome of the presidential election which shortly was to follow. It will be seen, therefore, that Mrs. Schwartz proceeded as far as she could toward the consummation of the exchange, and was prevented from doing anything more to that end by defendant's repudiation of the agreement.

Defendant argues that Mrs. Schwartz's tender of performance was defective because she did not deposit with the title company also her executed deed and deeds of trust, and the releases necessary to close the exchange transaction on her part. But as shown by the testimony of the title company's officer, in accordance with the customary practice of consummating an exchange of this kind, all of these documents were to be executed, delivered and recorded through the office of the title company immediately upon the payment to the title company by the defendant of the $10,000 he agreed to pay in part consideration of the exchange; and that his refusal to pay the same, which was followed by his repudiation of the agreement, completely blocked the consummation of the exchange. As held by the trial court, after the defendant had so repudiated the transaction, Mrs. Schwartz was excused from doing anything further toward its consummation.

Defendant calls attention to the fact that the exchange agreement provides that the broker's commission was to be paid by Mrs. Schwartz, and not by the defendant. It appears to be well settled, however, that where as here the party who is not obligated to pay the commission repudiates the transaction without legal justification he becomes liable for the payment of the commission. (*Traxler* v. *Katz*, 116 Cal. App. 226 [2 Pac. (2d) 553].)

It is our conclusion that the trial court was justified in holding that the evidence adduced at the trial would have

been legally sufficient to sustain a judgment in favor of plaintiff; and such being the case there is no ground upon which it may be held on appeal that its action in granting a new trial constituted an abuse of its discretion. Its order made in that behalf is affirmed.

Tyler, P. J., and Cashin, J., concurred.