[Civ. No. 8539.   Second Appellate District, Division Two.—July 26, 1934.]

ALONZO O. COFFMAN, Respondent, v. D. C. CROOK-SHANK, Appellant.

William M. Rains for Appellant.

Kelly, Stuart & Hendrick and E. W. Kendrick for Respondent.

ARCHBALD, J., *pro tem.*—Plaintiff secured the acceptance of an agreement whereby defendant and his wife offered to exchange property described therein belonging to them for certain property belonging to W. L. Rohrer and wife, the terms of exchange being set out in said agreement. Defendant agreed to pay plaintiff the sum of $1500 upon "acceptance of the proposition to exchange the above described property on the above terms". Rohrer in his acceptance agreed to pay plaintiff the sum of $1,000 "for the exchange of our property . . . for the services of said agent". The property of the Rohrers was described in the agreement as "being that 20 acres, more or less", describing its location, "subject to ½ oil rights, ½ interest in pumping plant, a road easement, P. E. right-away out, and $150.00 road bonds". Defendant, after the exchange agreement was signed, found that the Pacific Electric right of way therein mentioned included about 1.798 acres of land, and objected to going ahead with the exchange unless Rohrer would convey to him the full twenty acres or "reduce the purchase price thereof *pro rata* and proportionate to the difference between the amount agreed to be conveyed, towit, 20 acres, and the amount actually to be conveyed". This Rohrer refused to do, and the exchange was not consummated. Plaintiff brought this action against defendant to recover not only the commission which the latter agreed to pay for securing the acceptance of the exchange agreement, but also the damage caused by the loss of the commission Rohrer agreed to pay upon completion of the exchange, by reason of defendant's refusal to perform his part of the exchange agreement. From a judgment in favor of plaintiff, which included the $1,000 so lost, defendant has appealed.

The only question raised on appeal is whether or not said $1,000 was properly included in the judgment. Appellant's contention is that it could not be so included

in the absence of a written agreement to pay it. Such contention would be good if the claim of plaintiff had been based on an agreement to pay Rohrer's commission, but such was not the case. The complaint is based on the damage caused by defendant in refusing to make said exchange. ■ The evidence supports the conclusion that Rohrer was ready, willing and able to carry out his part of the agreement, but was prevented from so doing by appellant's refusal. The measure of damages in such case is the amount which will compensate "for all the detriment proximately caused thereby", whether considered as the breach of an obligation arising from contract (sec. 3300, Civ. Code) or a breach not so arising (sec. 3333, Civ. Code). It hardly needs argument to support the proposition that under the evidence here the proximate damage caused by appellant's failure to complete his agreement of exchange with Rohrer was the commission Rohrer agreed to pay upon completion; and being familiar with the commission agreements connected therewith appellant must have known that if Rohrer was willing to complete his part of the exchange and the appellant was not, such damage would necessarily result from his failure so to do. The case of *Traxler* v. *Katz*, 116 Cal. App. 226, 230 [2 Pac. (2d) 553], is on all-fours with the present case, and a hearing thereof was refused by the Supreme Court. See, also, *Calkins* v. *F. W. Woolworth Co.*, 27 Fed. (2d) 314.

■ Nor in our opinion did the fact that Rohrer could not convey twenty acres to appellant justify his withdrawal from the agreement to exchange. The only construction that we think can be placed on the description of Rohrer's land is that it was twenty acres more or less with "P. E. right-away out". It does not appear that he was not in a position to convey to appellant all the land he agreed to convey.

Judgment affirmed.

Stephens, P. J., and Desmond, J., concurred.