[Civ. No. 10274.   First Appellate District, Division One.—January 21, 1938.]

COMMERCIAL STANDARD INSURANCE COMPANY (a Corporation), Respondent, v. ROBERT WINFIELD et al., Defendants; WILLIAM G. MAYER, Appellant.

John J. Taheny for Appellant.

Robert G. Partridge for Respondent.

TYLER, P. J.—Plaintiff corporation brought this action, as subrogee under an automobile collision insurance policy, for damages to an automobile of one Hughes which it had paid as insurance carrier.   The accident was due to the negligence of appellant Mayer.   The facts present the following situation:

One Rush Hughes, having a collision insurance policy on his automobile with plaintiff as insurance carrier, had an accident in which he and his wife were injured and his automobile damaged.   They filed actions for personal injuries against defendants herein, and for damages to their clothing, the actions being commenced after the insurance

carrier had paid Hughes his collision loss. An adjuster, Mr. Dinkelspiel, and others connected with the Associated Indemnity Corporation, the insurance carrier of appellant Mayer, took over full charge of the investigation and defense of defendants' case with their consent. After trial Hughes received a verdict of $750, and his wife the sum of $25,000. A motion for a new trial was granted in the matter of Mrs. Hughes and both claims of the husband and wife were subsequently settled by the parties for the sum of $4,800.

The present plaintiff knew at all times of the pendency of these actions but made no effort to intervene or to have the claim for the damage to the automobile which it had paid as insurance carrier set forth therein. ▋ Upon being sued appellant invoked the rule against the splitting of causes of action, claiming it operated against plaintiff. The evidence showed, however, that at all times plaintiff was seeking to recover from appellant and his insurance carrier the amount of its collision loss and that all parties to the transaction knew of its claim. The trial court found that the representative of appellant's insurance carrier had promised plaintiff that in the event appellant should be held liable for the injuries and damages complained of by Hughes and his wife appellant would pay to plaintiff the amount of its claim as prayed for herein. It further found that appellant by and through his agent, the Associated Indemnity Corporation, specially requested plaintiff to forbear in intervening, stating that plaintiff's claim could be determined after the termination of the actions referred to; that plaintiff relied upon such promises, and appellant and his agent were estopped from asserting the defense of splitting a cause of action.

The sole point relied upon for a reversal is that the findings are unsupported. There is no merit in the contention as the facts fully support the findings of the trial court that appellant, through his representatives, agreed to pay the claim in the event he was held liable on the personal injury claim. It appeared in evidence that a custom exists among insurance companies whereby subrogation claims are held in abeyance pending the determination of compensation cases involving personal injury claims, and appellant through his representatives requested plaintiff to forbear from joining in the action. Prohibition against splitting a cause of

action is for the benefit of the defendant and he may waive or renounce it by agreement.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 19, 1938.