[Civ. No. 4066. Fourth Dist. Feb. 28, 1951.]

RUEL G. WILLIAMS et al., Plaintiffs and Respondents, v. IRENE A. KRUMSIEK, Appellant; O. A. SANDERS et al., Defendants and Respondents.

Burum, Young & Wooldridge for Appellant.

West, Vizzard, Howden & Baker and William R. Hulsy for Respondents.

MUSSELL, J.—Defendant Irene A. Krumsiek and her daughter were the owners of a ranch near Rosamond in Kern County. On May 20, 1948, Mrs. Krumsiek listed her property for sale with plaintiff Ruel G. Williams, a real estate broker. The defendants and cross-complainants O. A. Sanders and Lola B. Sanders owned a motel at Long Beach and during the spring and summer of 1948 plaintiff Williams attempted to negotiate a trade of the Sanders' motel for the Krumsiek ranch. On or about July 1st Mr. and Mrs. Sanders prepared and submitted a written offer to trade properties and this offer was rejected by Mrs. Krumsiek. On July 9th, 1948, Williams prepared a written instrument for and on behalf of Mrs. Krumsiek, which instrument was a deposit receipt form, by the terms of which she offered to exchange the ranch for the motel. The document provided that Mrs. Krumsiek was to assume loans against the motel in the approximate sum of $33,000; the Sanders were to give their note, payable to Mrs. Krumsiek in the sum of $20,000 and this note was to be secured by a deed of trust on the ranch. Sanders and Krumsiek were each to pay $1,500 real estate commission. Mrs. Krumsiek gave Williams her check for $500 and Williams took the instrument to the Sanders for their signature and approval. Mr. and Mrs. Sanders approved the deal as submitted and signed the document. However, Williams made certain notations on the back of the document, which notations are as follows:

"Sellers Amendments to offer

"All hay harvesting on Ranch to cease and work of Ranch hand be turned to irrigation under direction of seller until Aug 1st

"Title to south 80 to be released when $6000 has been paid on T. D-note.

"No personal property to be held under T. D.

"Sellers share of Commission to be covered by Note pay-

able to Williams & Dickerson (brokers) and payable from 1st Crops of 1949. On or before June 1, 1949."

On the day following the signing of the offer by Sanders and his wife, Williams called upon Mrs. Krumsiek and discussed the "whole matter" with her, including the proposed amendments and told her that Mr. and Mrs. Sanders had accepted her offer. In this connection, Williams testified that Mrs. Krumsiek said "She wasn't at all sure she wanted to go through with it now" and would let him know; that on July 14th he learned for the first time that Mrs. Krumsiek's daughter was part owner of the ranch, when Mrs. Krumsiek "offered it as a reason for not going through with the deal."

On July 16th or 17th Mrs. Krumsiek and her daughter visited the motel property with Williams and after inspecting the premises, Miss Krumsiek informed Williams that she did not want the place.

After Miss Krumsiek refused to go through with the contract, payment was stopped on the $500 check by Mrs. Krumsiek and the instant action was filed by Williams and E. R. Dickerson, brokers, to recover $1,500 commission from Irene Krumsiek, and a like amount from Sanders and his wife. A cross-complaint was filed by Sanders and his wife against Irene Krumsiek, in which it was claimed that the action of Mrs. Krumsiek had prevented the sale of the motel to other parties and that cross-complainants had been damaged in having to bear the expense of defending the action brought by plaintiffs.

The trial court gave judgment for plaintiffs against Mrs. Krumsiek for the sum of $1,500 and denied plaintiffs a judgment against Sanders and his wife. The court also awarded cross-complainants a judgment against Irene Krumsiek for $300 as attorneys' fees for defending the action brought by plaintiffs Williams and Dickerson. Irene Krumsiek has appealed from both judgments.

The principal question for our determination is the effect, if any, of the "amendments" endorsed upon the written offer and agreement signed and submitted by defendant Irene Krumsiek.

At the time the document was signed by Mrs. Krumsiek she was an owner of only an undivided one-half interest in the ranch. She testified at the trial that at the time the offer was signed by her she informed Williams that it was made on condition that the proposal was acceptable to her daughter.

This was denied by Williams and the court found against Mrs. Krumsiek on this issue. The appellant concedes that on this point the court was entitled to resolve the conflict in the evidence and that the court's findings on this issue are final and conclusive on this appeal. In this connection, it appears from the answer as an affirmative defense that the offer signed by Irene Krumsiek was conditioned upon the approval of her daughter. No other grounds were alleged or proved in an attempt to avoid the effect of the document executed by defendant Irene Krumsiek. It is claimed that the ''amendments'' transformed the Krumsiek offer into a ''new proposal'' and that there was a qualified acceptance of the original offer. However, the trial court resolved the conflict in the evidence in this respect in favor of plaintiffs and its determination will not be here disturbed. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689] ; *Dillard* v. *McKnight,* 34 Cal.2d 209, 223 [209 P.2d 387].)

Williams, Sanders, and Mrs. Sanders all testified that the first three of the four amendments appearing on the reverse side of the Krumsiek offer were really not amendments at all but only in the nature of requests to be submitted to Mrs. Krumsiek to be considered by her when the details of the transaction were worked out in the contemplated escrow agreement. Sanders and his wife both testified that the offer, as submitted, was accepted by them. There was substantial testimony to support the trial court's finding that the offer of appellant was accepted and that the notations on the back of the written contract were merely requests for a further elaboration or modification of the agreement which was to be worked out in the escrow if appellant was willing to do so. There is also substantial testimony in the record to the effect that appellant did not refuse to consummate the exchange of property because of any counterproposal being made to her.

The first three of the so-called amendments relate to matters which, if incorporated into the agreement, would not materially change the terms of the offer. The fourth ''amendment'' relates to the manner in which the commission would be paid by Sanders and his wife and was an arrangement by them with plaintiff Williams which in no way prejudiced the appellant.

The court correctly permitted the taking of testimony as to the circumstances under which the notations were made in order to ascertain the true intention of the parties. (*Isenberg* v. *Salyer,* 62 Cal.App.2d 938 [145 P.2d 691]. Where,

as here, there was an apparent ambiguity in the agreement, it was proper to inquire into the contemporaneous conversations and circumstances of the making of the agreement. (*Meadows* v. *Emett & Chandler*, 86 Cal.App.2d 1, 11 [193 P.2d 785].)

 It is finally argued that the trial court erroneously rendered a judgment on the cross-complaint for $300 attorneys' fees. This contention must be sustained where, as here, there is no contractual or statutory authority for the allowance of such fee. (*Viner* v. *Untrecht*, 26 Cal.2d 261, 272 [158 P.2d 3] ; Code Civ. Proc., § 1021.)

The judgment in favor of plaintiffs and against Mrs. Irene Krumsiek is affirmed and the judgment on the cross-complaint is reversed. Plaintiffs to recover costs on appeal against Irene Krumsiek. Appellant Irene Krumsiek to recover her costs on appeal against cross-complainants.

Griffin, Acting P. J., concurred.