[Civ. No. 4325.  Fourth Dist.  Feb. 26, 1952.]

RUEL G. WILLIAMS et al., Appellants, v. IRENE A. KRUMSIEK, Respondent.

West, Vizzard, Howden & Baker for Appellants.

Burum, Young & Woolridge for Respondent.

MUSSELL, J.—Plaintiffs appeal from a judgment entered on motion of defendant after a demurrer to plaintiffs' first amended complaint was sustained without leave to amend. It was alleged in said complaint that on or about July 9, 1948, defendant, Irene Krumsiek, entered into an agreement in writing with O. A. and Lola B. Sanders for the exchange of real properties in Kern and Los Angeles Counties; that the exchange agreement was secured through the efforts of plaintiffs as real estate brokers, who fully performed their part of the agreement; that the exchange agreement provided, among other things, for the payment of $3,000 to plaintiffs as commission for the sale and exchange of the properties, $1,500 to be paid to plaintiffs by defendant Krumsiek and a like amount by Sanders and his wife; that on or about July 13, 1948, an independent agreement in writing was executed by plaintiffs and Sanders and his wife wherein it was provided that the Sanderses would pay their share of the commission from the first crops of 1949 and/or before June 1, 1949, and that said payment, if made from proceeds of crops before June 1, 1949, would be from crops grown on the Kern County property; that defendant refused to perform the exchange agreement; that as a direct and proximate result of her failure to do so, Sanders and his wife were never placed in possession of the Kern County property and were unable to produce crops therefrom and, therefore, did not become obligated to pay their share of the commission, to the damage of plaintiffs in the sum of $1,500.

The complaint herein apparently is drawn on the theory that in addition to the sum of $1,500 recoverable from defendant Krumsiek on her agreement to pay that amount as commission, plaintiffs were entitled to recover a like amount as damages for the loss of commission which would be payable by Mr. and Mrs. Sanders had the agreement of exchange been performed by defendant Krumsiek. This theory is supported by the decisions in *Coffman* v. *Crookshank,* 140 Cal.

App. 192 [34 P.2d 1067], and *Traxler* v. *Katz,* 116 Cal.App. 226 [2 P.2d 553]. In the Coffman case plaintiff secured the acceptance of an agreement whereby defendant and his wife offered to exchange their property for property belonging to W. L. Rohrer and wife. Defendant agreed to pay plaintiff the sum of $1,500 upon acceptance of the proposition to exchange the properties and Rohrer in his acceptance agreed to pay plaintiff the sum of $1,000 for his services as agent. Defendant refused to perform his part of the agreement and plaintiff sued to recover the commission due from the defendant and also for damages caused by the loss of the Rohrer commission by reason of defendant's refusal to perform his part of the exchange agreement. The sole question on appeal was whether the sum of $1,000 awarded as damages was properly entered in the judgment. The court there said, at page 194:

''. . . The measure of damages in such case is the amount which will compensate 'for all the detriment proximately caused thereby' whether considered as the breach of an obligation arising from contract (sec. 3300, Civ. Code) or a breach not so arising (sec. 3333, Civ. Code). It hardly needs argument to support the proposition that under the evidence here the proximate damage caused by appellant's failure to complete his agreement of exchange with Rohrer was the commission Rohrer agreed to pay upon completion; and being familiar with the commission agreements connected therewith appellant must have known that if Rohrer was willing to complete his part of the exchange and the appellant was not, such damage would necessarily result from his failure so to do. The case of *Traxler* v. *Katz,* 116 Cal.App. 226, 230 [2 P.2d 553], is on all-fours with the present case, and a hearing thereof was refused by the Supreme Court. See, also, *Calkins* v. *F. W. Woolworth Co.,* 27 F.2d 314.''

The amended complaint herein is sufficient against the general demurrer. The defendant argues that it was properly sustained because no liability attached to the promise of the Sanderses to pay commission to the plaintiffs since their duty to pay was conditional; that the Sanderses had no duty to pay any commission until the first crops were harvested according to the terms of the independent agreement and payment was to be made from these crops. As noted, the agreement provides that the Sanderses would pay their share of the commissions from the first crops of 1949 and/or before June 1, 1949, and that said payment, *if made from pro-*

*ceeds of crops before June 1, 1949,* (italics ours) would be from the crops grown on the Kern County property. This language indicates that payment by the Sanderses was to be deferred until June 1, 1949, or to such earlier date as proceeds from crops would be available. While the language used is somewhat ambiguous as to whether the Sanderses would be obligated to pay the commission only from the proceeds from the crops raised, the intent of the parties may be shown by parol evidence at the trial of the action and such intent cannot be determined by a ruling on a general demurrer.

Defendant next contends that no cause of action was stated by the plaintiffs since the damages set forth were not within the contemplation of the parties at the time of the making of the contract. This contention is without merit. ■ While damages, which are purely speculative, fanciful and imaginary cannot be recovered, it is also true that if the benefits claimed were reasonably certain to have been realized but for the wrongful act of the opposing party, recovery should be allowed. (*Meyers* v. *Nolan,* 18 Cal.App.2d 319, 324 [63 P.2d 1216]; *Rilovich* v. *Raymond,* 20 Cal.App.2d 630, 644 [67 P.2d 1062]; *Caspary* v. *Moore,* 21 Cal.App.2d 694, 699 [70 P.2d 224].) In the instant case the amount of damages was definitely fixed in the sum of $1,500, which said sum would have been payable by Mr. and Mrs. Sanders had the defendant performed her part of the exchange agreement. Defendant was a party to this agreement and was familiar with its terms and conditions. Under the circumstances shown by the record, defendant must have known that if the Sanderses were willing to complete their part of the contract and she was not, she then would be obligated to pay the plaintiffs all of the commission provided for in the agreement of exchange.

It appears that the complaint in the instant matter grew out of the same facts and circumstances as set forth in *Ruel G. Williams* v. *Irene Krumsiek, O. A. Sanders,* decided by this court and reported in 102 Cal.App.2d 541 [227 P.2d 889]. In that action Ruel G. Williams and E. R. Dickerson, plaintiffs here, recovered judgment against Irene A. Krumsiek, the present defendant and respondent, in the sum of $1,500 upon the breach of her agreement to exchange the properties in question. The trial court rendered judgment therein in favor of O. A. Sanders and Lola B. Sanders, and the judgment has become final.

Defendant argues that the trial court properly sustained the demurrer without leave to amend because plaintiffs were attempting to split a cause of action; that plaintiffs are, in this action, bringing a claim which should have been adjudicated in the prior action; that since the action is one on contract, but one cause of action may arise in favor of appellants from the single breach by defendant. This court held in *McCaffrey* v. *Wiley,* 103 Cal.App.2d 621, 623 [230 P.2d 152], that

"... a party may not split a single cause of action, using the same obligation as the basis of separate suits, and that where this is done the judgment in the first action may be pleaded as a bar to a subsequent suit based on the same fundamental claim which could have been presented in the first action." (Citing cases.)

■ This defense (splitting causes of action) is an affirmative one, which must be pleaded by a defendant. (*Paladini* v. *Municipal Markets Co.,* 185 Cal. 672, 674 [200 P. 415].)

■ Splitting of actions is not jurisdictional and may be waived; if the defendant does not object, the judgment is binding upon him. (*Mather* v. *Mather,* 22 Cal.2d 713, 723 [140 P.2d 808]; *Cohn* v. *Cohn,* 7 Cal.2d 1, 6 [59 P.2d 969].) As was said in *Commercial Standard Ins. Co.* v. *Winfield,* 24 Cal.App.2d 477, 478 [75 P.2d 525]: "Prohibition against splitting a cause of action is for the benefit of the defendant and he may waive or renounce it by agreement." It follows that the general demurrer herein should not have been sustained without leave to amend.

Judgment reversed.

Barnard, P. J., and Griffin, J., concurred.