[Civ. No. 19365.   Second Dist.; Div. Two.   May 4, 1953.]

WILLIAM E. WATKINS, Appellant, v. ETHEL WATKINS, Respondent.

Ivan J. Johnson III for Appellant.

Sidney H. Rivkin and Sydney S. Finston for Respondent.

MOORE, P. J.—From a judgment of nonsuit in an action to quiet title, plaintiff appeals.

On October 11, 1951, appellant filed his complaint alleging that on January 4, 1948, he was owner of Lot 119, tract 557 in Los Angeles County; that he borrowed $600 from respondent to make up delinquent payments on his note secured by a lien on the lot; that at the time of the loan appellant executed a deed of the lot to himself and respondent in joint tenancy with the agreement that when the amount of the loan should be repaid, respondent would reconvey the lot to appellant as his "sole and separate property" and the joint tenancy would be terminated; that the deed was executed as a mortgage to secure the loan and was executed by reason of the false representations of respondent.

In a second count he alleged that on February 17, 1951, he "did issue a quitclaim deed" conveying to respondent Lot 119, reasonably worth $30,000 with the agreement that (1) the deed should not be recorded; (2) on his repayment to her

of $695, respondent would return the deed to appellant. He further alleges that on March 5, 1951, she filed the instrument for recordation; he is ready, willing and able to pay respondent $695 loaned to him; he made the quitclaim deed for the sole purpose of securing his debt to respondent by reason of his reliance upon her promise to return the deed upon her receipt from him of $695.

The parties were married June 30, 1947. Prior thereto appellant acquired Lot 119.  ■  In November 1950 respondent filed suit for divorce. In his answer in the latter action, appellant alleged that the quitclaim deed was intended to serve as a mortgage of the lot. At the trial Mrs. Watkins produced the quitclaim deed from her husband who then and there contended that it was given as a mortgage. Upon the proof adduced upon the issue thus raised with reference to the deed, the court found Mrs. Watkins to be sole owner of Lot 119 and directed her to amend her pleadings to conform with the proof. Basing its degree upon the amended pleadings and the evidence introduced by each of the parties, the court adjudged respondent to be the owner of the lot.

When the instant action to quiet title came on for trial, appellant was met with a plea of *res judicata,* and upon submission of the matter, the court granted the motion of respondent for a nonsuit.

An order dismissing an action constitutes a judgment. (Code Civ. Proc., § 581d.)  ■  A prior judgment is res judicata on all matters which have been, or could have been, raised in the controversy in which such judgment was entered. (*Bennett* v. *Forrest,* 24 Cal.2d 485, 497 [150 P.2d 416]; *Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636, 637 [134 P.2d 242]; *Sutphin* v. *Speik,* 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497].) In the Panos case the doctrine is emphasized by the pronouncement that it "rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again." Appellant's cause comes under the ban thus announced.

The judgment is affirmed.

McComb, J., and Fox. J., concurred.