[Civ. No. 4911.   Fourth Dist.   Mar. 10, 1955.]

RUEL G. WILLIAMS et al., Respondents, v. IRENE A. KRUMSIEK, Appellant.

Frederick E. Hoar for Appellant.

Vizzard, Baker & Sullivan and James Vizzard for Respondents.

MUSSELL, J.—This is an action for the recovery of damages alleged to have been suffered by plaintiffs as a result of defendant's refusal to perform a contract for the exchange of real properties. It is alleged in the amended complaint that on or about July 9, 1948, defendant Irene Krumsiek entered into an agreement in writing with O. A. and Lola B. Sanders for the exchange of real properties in Kern and Los Angeles Counties; that the exchange agreement was secured through the efforts of plaintiffs as real estate brokers, who fully performed their part of the agreement; that the exchange agreement provided, among other things, that the defendant should pay to plaintiffs the sum of $1,500, and that said O. A. and Lola B. Sanders should pay plaintiffs a like sum as commissions for securing the sale and exchange of the said properties of the respective parties; that on or about July 13, 1948, an independent agreement in writing was executed by plaintiffs and Sanders and his wife wherein it was provided that Mr. and Mrs. Sanders would pay their share of the commission from the first crops of 1949 from the Kern County ranch property being acquired by them and that said payment, if made from proceeds of crops before June 1, 1949, would be from crops on said property; that defendant refused to perform the exchange agreement; that as a direct and proximate result of her failure of performance, Sanders and his wife were never placed in possession of the Kern County property and were unable to produce crops therefrom and that they, therefore, did not become obligated to pay their share of the commission, to the damage of plaintiffs in the sum of $1,500. The trial court sustained a demurrer to the complaint without leave to amend and entered judgment for defendant. Plaintiffs appealed and the judgment was reversed by this court in *Williams* v. *Krumsiek,* 109 Cal.App.2d 456 [241 P.2d 40]. Defendant then filed her answer to the complaint, denying generally the allegations thereof and setting up as an affirmative de-

fense that plaintiffs had recovered a judgment against the defendant on the same cause of action in a former action, numbered 49950, filed in the Superior Court of Kern County, and that said judgment had been paid.

When the instant action came on for trial it was stipulated that the cause be submitted on the plea of res judicata and on the transcript of the testimony in said former action No. 49950. The trial court found that the allegations of plaintiffs' complaint were true and that the allegations in defendant's affirmative defense were untrue. Judgment was entered for plaintiffs against the defendant for the sum of $1,500, with interest and costs. Defendant appeals from this judgment and contends that the finding of fact that the instant action was not barred by the former action between the same parties on the same cause of action was not supported by and was contrary to the evidence. We are in accord with this contention.

The former action, No. 49950, to which reference is made, was filed by plaintiffs in the Superior Court of Kern County on November 1, 1948. That action was brought by plaintiffs herein against Irene Krumsiek and O. A. Sanders and Lola B. Sanders. Plaintiffs sought therein to recover $1,500 from Irene Krumsiek and a like amount from Mr. and Mrs. Sanders alleged to be due plaintiffs under the terms of the exchange agreement executed by the defendants on July 9, 1948. Sanders and his wife filed an answer and cross-complaint therein in which they alleged, among other things, that performance by them of the agreement had been prevented by plaintiffs' failure to effect completion of the transfer of the properties; that the commission to be paid by them was to be paid from crops produced on the property which was to be conveyed to them by Irene Krumsiek; that they had never secured possession of the property; that defendant Irene Krumsiek did not secure the consent of the coowner of the Krumsiek property to a transfer thereof and that said Irene Krumsiek had stopped payment on a check given to plaintiffs as a part payment of the expenses of the transfer of the properties; that by reason of the wilful refusal of Irene Krumsiek to complete said transfer, cross-complainants had lost the opportunity to sell their property and were thereby damaged. The trial court gave judgment for plaintiffs against Mrs. Krumsiek for the sum of $1,500 and denied plaintiffs a judgment against Sanders and his wife. They, as cross-complainants, obtained a judgment against Mrs. Krumsiek for attorneys'

fees. The judgment against Mrs. Krumsiek in favor of plaintiffs was affirmed on appeal and the judgment for attorneys' fees was reversed. (*Williams* v. *Krumsiek*, 102 Cal.App.2d 541 [227 P.2d 889].)

The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation. (*Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636, 637 [134 P.2d 242].) A prior judgment is res judicata on all matters which have been or could have been raised in the controversy in which such judgment was entered. (*Watkins* v. *Watkins*, 117 Cal.App.2d 610, 611 [256 P.2d 339].) In *Krier* v. *Krier*, 28 Cal.2d 841, 843 [172 P.2d 681], it is said: "It is settled, however, that a judgment in a prior action between the same parties on the identical cause of action is res judicata, and a bar to a second suit thereon, not only as to issues actually determined therein but also as to issues necessarily involved. (Citing cases.) And even though the causes of action be different, the prior determination of an issue is conclusive in a subsequent suit between the same parties as to that issue and every matter which might have been urged to sustain or defeat its determination." The cause of action is defined in *Panos* v. *Great Western Packing Co., supra,* 638, as simply the obligation sought to be enforced. And as is said in *Ideal Hardware etc. Co.* v. *Department of Emp.,* 114 Cal.App.2d 443, 448 [250 P.2d 353] : "It is the title right or obligation sought to be established or enforced, not the remedy or the relief sought, which determines the nature and substance of the cause of action. When this has once been adjudicated it cannot be relitigated upon any grounds that were or that could have been determined in the former action. In *McCaffrey* v. *Wiley,* 103 Cal.App.2d 621, 623 [230 P.2d 152], this court held that "It is well settled in this state that a party may not split a single cause of action, using the same obligation as the basis of separate suits, and that where this is done the judgment in the first action may be pleaded as a bar to a subsequent suit based on the same fundamental claim which could have been presented in the first action."

The application of the rules announced in the fore-going decisions to the situation presented by the record here impels us to conclude that the judgment obtained by plaintiffs in the first action, No. 49950, operates as a bar to the instant action. In that case plaintiffs sought to recover the $3,000 in commissions alleged to be due under the terms of the exchange agreement. By the terms of this agreement the obligation of Sanders and his wife to pay their share of the commission was from the crops raised on the ranch which was to be conveyed to them by Mrs. Krumsiek. A few days after the agreement had been signed plaintiffs knew that Mrs. Krumsiek's daughter was part owner of the ranch and that Mrs. Krumsiek stopped payment on the check for $500 given by her on July 9, 1948, to pay on the expenses of the transfer of the property. These facts were known to plaintiffs when they filed the first action on November 1, 1948. In her answer, filed November 10, 1948, Mrs. Krumsiek alleged that her daughter refused to sign the exchange agreement. In their cross-complaint Sanders and his wife alleged that Mrs. Krumsiek had stopped payment on the $500 check and had refused to go ahead with the agreement or convey the ranch to them. Under these circumstances it is apparent that the issue of defendant's liability under the terms of the contract could have been fully determined in the first action.

In *Coffman* v. *Crookshank*, 140 Cal.App. 192 [34 P.2d 1067], plaintiff secured the acceptance of an agreement wherein defendant and his wife offered to exchange their property for property owned by W. L. Rohrer and his wife. Defendant agreed to pay plaintiff the sum of $1,500 "upon acceptance of the proposition" to exchange the properties and Rohrer in his acceptance agreed to pay plaintiff the sum of $1,000 for his services as agent. Defendant refused to perform his part of the contract and plaintiff sued to recover the commission due from the defendant and also for damages caused by the loss of the Rohrer commission by reason of defendant's refusal to perform his part of the exchange agreement. The court there held that the sum of $1,000 damages caused by the loss of the commission was properly included in the judgment for plaintiff. In the instant case commission defendant agreed to pay and also for damages as in the Coffman case, plaintiffs could have sued for the caused by her refusal to perform the exchange agreement. Under the circumstances shown by the record herein the

judgment in the prior action, No. 49950, was properly pleaded and was a bar to the instant action.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.