[Civ. No. 5203.   Fourth Dist.   Aug. 17, 1955.]

AILEEN S. OLMSTEAD et al., Appellants, v. PORTIA A. RILEY, as Executrix, etc., et al., Respondents.

John N. Hurtt for Appellants.

Bertram H. Ross for Respondents.

MUSSELL, J.—This is an action for reformation and enforcement as reformed of three instruments—a property settlement agreement and trust indenture, both executed on December 6, 1941, and an agreement terminating a trust executed May 26, 1947.  After defendants filed their answer they filed a motion to dismiss the complaint for lack of merit under the provisions of section 437c of the Code of Civil Procedure.  This motion for summary judgment was made upon the grounds that all of the matters set forth in the complaint are res judicata and that all of the matters therein were determined in an action theretofore tried in Orange County entitled ''Ray Loren Riley and Dale Richard Riley, minors, by Aileen S. Riley, their guardian ad litem, and

Leland Bruce Riley, plaintiffs, v. Portia A. Riley, defendant,''
being numbered 57152 in the records of the Superior Court of
Orange County. The motion was granted by the trial
court and plaintiffs herein appeal from the judgment there-
upon entered.

The principal question involved in this appeal is whether
plaintiffs are barred from maintaining this action by reason
of the findings and judgment in said action Number 57152.

The facts relative to the material terms and the execution
of the three instruments here involved are set forth in the
opinion of this court in *Riley* v. *Riley*, 118 Cal.App.2d 11
[256 P.2d 1056], decided May 20, 1953, in which the judgment
of the trial court in action Number 57152 was affirmed on
appeal. In that action the trial court construed the pro-
visions of the agreements here involved and rendered judg-
ment that plaintiffs therein had no right to the estate of
Chester J. Riley except to legacies of $1,000 each as provided
in Riley's will; that Portia Riley was entitled to said estate
according to the terms of said will; and that the trust created
on December 6, 1941 was terminated and revoked before any
rights or benefits accrued to the three sons of Chester and
Aileen Riley.

The present action was filed November 17, 1953, and plain-
tiffs contend, as alleged in their complaint, that prior to De-
cember 6, 1941, Aileen Olmstead and Chester J. Riley orally
agreed to those matters set forth in the property settlement
agreement excepting ''That each of them would be obligated
to execute, and at all times to keep in force, his and her will,
whereby each of them devised and bequeathed to their said
children not only an undivided one-third of his and her
beneficial interests under said trust during the existence there-
of, but also an undivided one-third of the property of said
trust to be conveyed to him and to her on termination there-
of''; that the insertion of the particular wording contained
in paragraph 10 of the property settlement agreement and
contained in the portion of the declaration of trust relating
to ''rights and interests under the trust agreement'' and re-
lating to termination of the trust and the obligation of the
''trustors'' on termination thereof was due to a mistake on
the part of Mr. Riley and that Mrs. Olmstead's acceptance of
said instruments was due to her mistake in believing that the
provisions thereof contained language obligating them to
execute wills whereby each of them would devise and be-
queath not only his and her beneficial rights under the trust

created by them, during its existence, but also, as well, one-third of the property to be conveyed to him and to her by the trustees on termination of the trust as agreed and understood by them; that Aileen S. Olmstead and her counsel in the trial believed that the language of said instruments obligated Chester J. Riley to devise and bequeath to his children not only one-third of the property conveyed by him to the trustee on termination of the trust, but as well one-third of the property conveyed to him by the trustee on termination of the trust; that the holding of the court in action Number 57152 constituted the first knowledge of the plaintiffs that the language of the property settlement agreement was such that it would not obligate Chester J. Riley to devise and bequeath to his children one-third of the property conveyed to him on termination of the trust; that Aileen Olmstead executed the agreements and declaration of trust believing Riley's assurances to her that the instruments, as executed, conformed in every respect to their oral agreement; that the provisions of paragraph 10 of the property settlement agreement and in the declaration of trust were inserted by Riley fraudulently and with intent to deceive plaintiff Aileen Olmstead and that defendant is estopped from denying the terms and provisions of the alleged oral agreement between Riley and Aileen Olmstead.

The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation. (*Panos* v. *Great Western Packing Co.,* 21 Cal. 2d 636, 637 [134 P.2d 242]; *Williams* v. *Krumsiek,* 131 Cal. App.2d 411, 414 [280 P.2d 486].) In *Krier* v. *Krier,* 28 Cal. 2d 841, 843 [172 P.2d 681], it is said:

"It is settled, however, that a judgment in a prior action between the same parties on the identical cause of action is res judicata, and a bar to a second suit thereon, not only as to issues actually determined therein but also as to issues necessarily involved. (*Panos* v. *Great Western Packing Co.,* 21 Cal. 2d 636 [137 P.2d 242]; *Bernhard* v. *Bank of America,* 19 Cal. 2d 807 [122 P.2d 892]; see *Todhunter* v. *Smith,* 219 Cal. 690 [28 P.2d 916]; Rest., Judgments, § 63, com. (a); 2 Freeman on Judgments (5th ed.) § 676, p. 1425.) And even

though the causes of action be different, the prior determination of an issue is conclusive in a subsequent suit between the same parties as to that issue and every matter which might have been urged to sustain or defeat its determination. (*Sutphin* v. *Speik,* 15 Cal.2d 195 [99 P.2d 652, 101 P.2d 497]; see *Price* v. *Sixth Dist. Agr. Assn.,* 201 Cal. 502 [258 P. 387]; 2 Freeman on Judgments, § 677, p. 1429.)'' See also *Shore* v. *Shore,* 43 Cal.2d 677, 681 [277 P.2d 4].

In the instant case plaintiffs, in the prayer of their complaint, seek a decree adjudging, among other things, that the three children of Chester Riley are the owners of real property which was a part of the corpus of the trust estate and ask that the court make its decree that Portia Riley holds said interest in said real property in trust for said children. In action Number 57152 the same plaintiffs, in an action for declaratory relief, sought to impress a trust on said claimed interest for the purpose of enforcing the provisions of the agreement here involved and to obtain a decree adjudging that the three sons of Chester Riley were entitled to a one-third interest in part of his estate. The trial court in said action Number 57152 found that the trust created by the property settlement agreement and trust agreement of December 6, 1941, was terminated and revoked by the subsequent agreement of May 26, 1947, and concluded that plaintiffs had no right, title and interest or claim in and to the estate of Chester Riley, deceased, except as to the legacies of $1,000 each as provided in Riley's will. The court interpreted and construed the language used in paragraph 10 of the 1941 property settlement agreement and if, as contended by appellant, there was a mistake in the wording of the agreement, if there was some oral agreement contrary to its terms, and if the agreement was misunderstood by the plaintiffs, these matters could have been passed upon in that action and were issues necessarily involved therein.

In paragraph six of the complaint in action number 57152 plaintiffs alleged:

By reference in paragraph X of the 1941 agreement to 'an undivided one-third interest of his or her rights and interests under said trust agreement and indenture' and also by the reference in said paragraph X to 'an undivided one-third interest . . . in and to his or/her said interests and rights under said trust agreement Aileen and Chester meant and intended an undivided one-third of Chester's or Aileen's rights and interests under said trust agreement if it should

be in effect, and if it should be terminated an undivided one-third of any property of said trust which should be distributed to Chester or Aileen respectively upon such termination and of any proceeds from the sale or disposition of such property, and particularly but not exclusively, an undivided one-third of Chester's or Aileen's rights in the Riley building.''

Paragraph three of defendant's answer is as follows:

''Answering paragraph VI of said complaint this defendant admits that paragraph X of the 1941 agreement provides: 'an undivided one-third interest of his or her rights and interests under said trust agreement and indenture' and this defendant further admits that paragraph X of said 1941 agreement also contains the language: 'an undivided one-third interest . . . in and to his or her said interests and rights under said trust agreement' but otherwise, denies generally and specifically each, every, all and singular, the other allegations in said paragraph contained.''

The trial court in this connection found:

''IX. Referring to paragraph VI of plaintiffs' complaint it is provided in said trust agreement of December 6th, 1941, that: 'An undivided one-third interest of his or her rights and interests under said trust agreement and indenture' and it is also true that in said documents words appear as follows: 'an undivided one-third interest . . . in and to his or her said interests and right under said trust agreement,' but otherwise the allegations of said paragraph are untrue and that no evidence of any kind has been offered to this court other than the instruments themselves, as to the meaning and intent of the language above set forth.''

It appears that plaintiffs, in action number 57152, presented the issue as to the intent of the parties as expressed in paragraph 10 of the property settlement agreement and the court found that they did not offer any evidence other than the instruments themselves on this issue. Plaintiffs were well aware of the provisions of the agreements here involved at the time of the trial of the first action and they are bound by the judgment therein decreeing that they have no right, title and interest or claims in or to the estate of Chester Riley, deceased, except as to the legacies of $1,000 each as provided for in his will.

Plaintiffs are here seeking to relitigate the issue of their alleged interests in the property left by Chester Riley when their interests were determined in the former action. Under these circumstances the court properly granted the mo-

tion for summary judgment. (*Crowley* v. *Modern Faucet Mfg. Co.*, 44 Cal.2d 321, 324, 325 [282 P.2d 33].)

The judgment is affirmed.

Barnard, P. J., and Shell, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.