[Civ. No. 19198.   First Dist., Div. Two.   Nov. 22, 1960.]

IDA E. MATTERN, Respondent, v. MATTHEW C. CARBERRY et al., Defendants; EDWARD F. PIERCE et al., Appellants.

W. O. Weissich for Appellants.

Joseph A. Brown for Respondent.

SHOEMAKER, J. — Defendants and appellants Edward Pierce and Betty Pierce appeal from a default judgment enjoining an execution sale of plaintiff and respondent Ida Mattern's real property.

The facts are without dispute. Respondent took title to the property in question by a grant deed from Bertie Parkhurst executed April 1, 1950, and recorded on April 24, 1950. On July 6, 1950, the appellants Pierce brought suit in the Superior Court of Marin County against Parkhurst on an indebtedness that had existed for some time prior to April 1, 1950, and were awarded a judgment on January 31, 1952, in said action. The respondent was not a party to that action and the appellants did not have a judgment against her.

The appellants Pierce also filed suit against respondent and Parkhurst in the San Francisco Superior Court on January 10, 1952, to set aside the conveyance as fraudulent. That action was dismissed in September 1957 by the court for failure to bring it to trial within five years after filing. (Code Civ. Proc., § 583.)

The defendant Carberry, Sheriff of the City and County of San Francisco, acting under a writ of execution issued out of the Superior Court of Marin County, levied execution upon respondent's San Francisco real property on August 15, 1957. The respondent filed the present action to enjoin

the execution sale on August 28, 1957. The appellants' answer, which sets forth the defense of fraudulent conveyance, was stricken by the court on the ground that dismissal of their prior suit was res judicata on the issue, and the default judgment, the subject of this appeal, was thereafter entered in July 1959.

A creditor may take action against a fraudulent conveyance by suing to have it set aside or he can disregard the conveyance and levy execution upon the property. (Civ. Code, § 3439.09.) Such remedies are alternatively available to a defrauded creditor.

The sole issue raised on appeal, the availability of levying execution on respondent's property, depends upon whether the dismissal of appellants' suit to set aside the conveyance for fraud for lack of prosecution was res judicata upon the question of fraudulent conveyance.

It is established California law that a dismissal for want of prosecution is not on the merits and therefore does not operate as res judicata to a subsequent proceeding. (*Gonsalves* v. *Bank of America* (1940), 16 Cal.2d 169, 172 [105 P.2d 118]; *Taliaferro* v. *Riddle* (1959), 167 Cal.App.2d 567, 569 [334 P.2d 950]; *Johnston Realty Corp.* v. *Showalter* (1926), 80 Cal.App. 176, 180 [250 P. 289] involving dismissals pursuant to Code Civ. Proc., § 581a, for failure to serve defendants within three years of filing; and *Lord* v. *Garland* (1946), 27 Cal.2d 840, 850 [168 P.2d 5]; *Superior Oil Co.* v. *Superior Court* (1936), 6 Cal.2d 113, 117 [56 P.2d 950] involving dismissals pursuant to Code Civ. Proc., § 583, for failure to bring an action to trial within five years of filing.)

The respondent argues that Code of Civil Procedure, section 581d, which provides that properly entered judgments of dismissal shall be effective for all purposes, makes this judgment a final one and constitutes res judicata; otherwise the section would be meaningless. We do not agree. Respondent's position can only be based on the conclusion that section 581d added something new to the law. As was pointed out in *Lavine* v. *Jessup* (1957), 48 Cal.2d 611, 615 [311 P.2d 8], sections 581c and 581d were subdivisions of section 581 and were removed therefrom and given their own code section numbers in a move to clarify the law. (See *Gwinn* v. *Ryan* (1949), 33 Cal.2d 436, 438 [202 P.2d 51].)

In *Ross* v. *O'Brien* (1934), 1 Cal.App.2d 496 [36 P.2d 1108], the court observed that until the subject matter of

this section 581d was incorporated in former section 581, the entry of an order of dismissal in the minutes of the court was ineffective for any purpose and that formal entry of judgment was required.

Section 581d defines when an order of dismissal is effective (34 State Bar J. 637 [1959]), and a properly entered order of dismissal by the court constitutes an effective judgment from which an appeal may properly be taken. (*Herrscher* v. *Herrscher* (1953), 41 Cal.2d 300, 303 [259 P.2d 901].)

It is our opinion that when the section says, ''such orders when so entered shall constitute judgments and be effective for all purposes,'' it gives orders of dismissal equality with other judgments but no greater impact. One requisite for res judicata for any judgment is a final determination on the merits. (*Bernhard* v. *Bank of America* (1942), 19 Cal.2d 807, 813 [122 P.2d 892].) Since that requirement is unfulfilled here the judgment of dismissal cannot operate as res judicata. *Watkins* v. *Watkins* (1953), 117 Cal.App.2d 610, 611 [256 P.2d 339], cited by respondent in support of her position, fails to do so since there the prior judgment that was the basis of the plea of res judicata was on the merits.

In arriving at our conclusion we have considered the fact that when the Legislature in 1947 was cutting up the then section 581, it added to the newly created section 581c the proviso: ''If the motion is granted, unless the court in its order for judgment of nonsuit otherwise specifies, such judgment operates as an adjudication upon the merits.'' Until this enactment the effect of any nonsuit was not that of an adjudication on the merits. (*Salomons* v. *Lumsden* (1949), 95 Cal.App.2d Supp. 924, 928 [213 P.2d 132].) Had the Legislature intended a change in the rule with respect to orders of the present character, certainly it would have done so in appropriate language, for sections 581c and 581d were under consideration and adopted in the same statute.

Particularly applicable here is the rule of statutory construction that where a statute that has been construed by the courts is reenacted in the same or substantially the same terms, the Legislature is presumed to be familiar with that construction and to have adopted it as part of the law unless it provides for a different construction. (45 Cal.Jur.2d 615.) As was said in the case of *County of Los Angeles* v. *Frisbie* (1942), 19 Cal.2d 634, 644 [122 P.2d 526] : ''Furthermore, it is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established

principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication.''

For the foregoing reasons the judgment is reversed.

Kaufman, P. J., and Draper, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 18, 1961.